Manly et al. *v.* Gibson.

Uri Manly et al., Plaintiffs in Error, *v.* Benjamin N. Gibson, Defendant in Error.

ERROR TÓ MENARD.

In order to ascertain the location of a town lot, it is not necessary to produce the plat of the town, but it may be established by other satisfactory proof.

The public may have an interest in streets and alleys, although the ground has not been dedicated in the manner prescribed by statute.

A dedication of ground to public uses, may be made in other ways than by making and recording a town plat.

A town plat is not a necessary muniment of title.

This was an action of ejectment, commenced by the plaintiffs in the Menard Circuit Court. Gibson's tenant was in possession of the premises claimed in the plaintiff's declaration, lots 1 and 2 in Block 66, in Taylor's Addition to the town of Petersburg. Gibson came in and was made defendant, and filed his plea of not guilty. A jury was called, sworn, &c., and the plaintiffs introduced in evidence the certificate of the Register of the land-office at Springfield, Illinois, for east one half, of northeast one fourth, section fourteen, town eighteen, range seven west, to which said certificate there were no objections, and the same was read. The plaintiffs then offered in evidence the certificate of the Recorder of Sangamon county, that lots number one and two aforesaid lay in the above piece of land, as appeared on record in his office, which was objected to, because it was not a perfect and complete plat of the Addition of Taylor, which said objections were sustained by the court, for the reason that it was not a complete record of the plat; to which rulings the plaintiffs excepted at the term. The said plaintiffs then offered a report of, and plat from, the Surveyor of Menard county, with his certificate thereon of the survey of the above piece of land, or a part of it, which survey and plat were made to show on what piece of land the lots aforesaid were situated. This evidence was excluded by the court. The plaintiffs then called the surveyor of Menard county, and offered to prove, in connection with his plat and certificate, the exact location of said lots, their boundaries, &c., which testimony was also ex-

cluded by the court, unless the complete plat of said Addition should first be produced.

The jury found a verdict for the defendant. The cause was tried before WOODSON, J., at November term, 1851, of the Menard Circuit Court.

LINCOLN & HERNDON, for plaintiffs in error.

A plat or map of a town is no part or parcel of a man's title, except he claim by virtue of a gift or donation by virtue of the plat. The sole object of recording the plat is to prevent disputes in dedications or sizes of lots. R. S. p. 115, §§ 17, 18, 19, 20, 21; 11 Illinois, 554; 2 Douglas, Mich. 269; Wright, 749; 9 Ohio, 201.

It is not the best evidence of which the nature of the case admits. An actual survey — positive demonstration as to the locality or situation of the lot — is the best evidence, and this, too, by our statute. R. S. p. 524, § 7; 1 Scam. 184.

The court excluded this positive, this demonstrative evidence, and according to our laws he erred. Ibid.; 1 S. & M. 494; 13 Peters, 97.

The court excluded the survey, and excluded parol evidence in connection with the survey. Reputation alone is good evidence to prove boundaries or localities of land. There was better evidence offered than reputation; there was absolute evidence — the surveyor and an eye-witness. 6 Peters, 328; 1 Missouri, 484; 3 Wash. C. C. R. 199; 7 Porter, 58; 1 Scam. 184; 1 Bibb, 115; Wright, 694; 5 Littell, 34.

T. L. HARRIS and W. I. FERGUSON, for defendants in error.

The second error assigned is, " that the court excluded the recorder's certificate."

It was not " the best evidence of which the case in its nature was susceptible," and was properly excluded. 3 Stark. 390; 1 Phil. Ev. 217; 1 Gilbert, 13; 1 Greenl. 82.

The best evidence was the original plat. Towns are required to be surveyed and platted and recorded. R. L. 1833, p. 599; R. L. 1845, 115.

If the original plat could not be had, on that fact being shown a copy might have been introduced; but proof of loss is first' necessary. 2 Gilm. 125.

When secondary evidence is proposed, the best kind of that is required. 14 Johns. 181; 1 Greenl. 107; 5 Gilm. 113. .

The statement of a recorder is not as high evidence as an exemplification from his records. R. L. 108; 2 Scam. 502; 15 Maine, 147; 22 Maine, 230; 1 South. 76.

The law requires acknowledgment of plat, &c. R. L. 1833, p. 599; 1845, p. 115. This certificate does not show that fact. Breese, 160. The original could not have been introduced without it. A recorder might certify, on the same principle, any opinion drawn from his record, and exemplifications would never be required. His opinions would supersede all else. The plaintiffs had proof by original plat and certified copy, and why should he not be required to resort to them?

If the recorder had been produced as a witness, he could not have told the contents of his record. 2 Missouri, 200. How, then, can this certificate be evidence?

The third error assigned questions the exclusion of the surveyor's plat and certificate.

There is no principle upon which a naked certificate like this can be evidence. It states that Block 66, in Taylor's Addition, is located on " S. ½ S. E., N. E. Sec. 14, T. 18, R. 7," which, if true, could have been proved by higher evidence, to wit, the plat or lay-out of said addition; and if not true, it had no relevancy.

It was correctly excluded, because, if any such survey ever was made, we were not a party to it, but strangers. We should have had notice. 1 Lord Ray. 734; 2 Wash. (Va.) R. 551; 4 Hen. & Munf. 194.

It was also correctly excluded until a chain of title was proved, or proposed to be proved, to the lots, from the patentee of the land in question to the plaintiffs; all of which could, if true, have been proved by the register's certificate, the deeds of conveyance, and the deed of lay-out of said Addition. No such certificate could be admitted. 14 Pick. 128; 1 Missouri, 334; 2 Yeates, 446; 3 Yeates, 587; 1 Cox, 379.

The fourth and fifth errors assigned question the exclusion of

the parol testimony of the surveyor, in connection with the plat, and the parol testimony of the surveyor, disconnected with the plat.

I have already shown that the surveyor's plat was not legal evidence. Could it, when combined with the parol evidence of the surveyor, become legal? It was not proposed to prove a fact of which there was not higher evidence. What could a surveyor know of lots one and two, Block 66, but what he had learned from deeds, records, or hearsay? If from deeds and records, let them be produced; if from hearsay, his knowledge was not wanted.

Besides, the plaintiff did not propose to prove by this means that the grantors of plaintiffs ever had title to " S. $\frac{1}{2}$, E. $\frac{1}{2}$, S. E. $\frac{1}{4}$, Sec. 14," on which it is pretended the lots were located; nor did plaintiffs before or subsequently show that fact, or offer to show it. The evidence was therefore irrelevant, incompetent, and rightly excluded.

If such evidence had been admitted at the time it was offered, it would have been, on motion of defendant, excluded after plaintiff's evidence had closed, and because neither the deeds nor any evidence offered, or proposed to be offered, make title in the plaintiffs. 1 Scam. 505; 5 Gilm. 186.

But another reason why this survey, and the testimony concerning it, should have been excluded, is, that the defendant had no notice of it. It was *ex parte* — *res inter alios acta.* 3 Bibb, 235.

Treat, C. J. This was an action of ejectment brought by the trustees of the State Bank of Illinois against Gibson, to recover the possession of lots one and two, in block sixty-six, in Taylor's Addition to the town of Petersburg. It appeared, in evidence, that the defendant had possession of the premises when the suit was commenced; and that James Estep entered the east half of the north-east quarter of section fourteen, in township eighteen, north of range seven west. The plaintiffs offered in succession the following evidence: A certificate of the county surveyor, showing that he had surveyed twenty acres from the south end of the tract entered by Estep, and that the lots in

question were situated thereon; the oral testimony of the surveyor, that the twenty acres embraced the lots; a deed from the patentee to Elijah Estep, for the twenty acres; a deed from the latter to Taylor, for the same premises; and a deed from Taylor to the State Bank of Illinois, for the lots described in the declaration. The court rejected this evidence, and the defendant had judgment.

It appears, from the bill of exceptions, that the evidence was excluded because the plaintiffs did not introduce the original plat of the addition, or a certified copy from the record. This position cannot be maintained. The various provisions of the statute respecting the laying out of town lots, do not make it necessary to produce the plat in every controversy concerning the title to a town lot. The design of the statute in requiring a plat to be made and recorded, is to render the rights of individuals and the public definite and certain; and to accomplish this object, penalties are imposed on proprietors and surveyors for failing to pursue the directions of the statute. But a party may establish a title to a piece of ground described in his deed as a town lot, although no plat has ever been made and recorded. He is not to be prejudiced by the omission of his grantor to comply with the requisitions of the statute, if he can give locality to the premises intended to be conveyed. The plat is not a necessary muniment of his title. Where the corporate authority of a town claim the fee to the streets and alleys within its limits, it must appear that a plat has been regularly made and recorded. In such a case, it is the acknowledgment and recording of the plat, that vests the fee in the corporation. The plat operates as a grant to the corporation of the grounds designated thereon for public purposes. Canal Trustees *v.* Havens, 11 Ills. 554. But the public may have an interest in streets and alleys, although the ground has not been set apart for the purpose, in the manner prescribed by statute. A dedication of ground to public uses, may be made in other ways than by the making and recording of a town plat. In the case of a valid plat, the title to the ground set apart for public purposes, is held by the corporation for the use and benefit of the public; in the case of a dedication by a different mode, the fee continues in the pro-

prietor, burdened with the public easement. After a party has made proof of title to a tract of land, the question whether the tract includes the premises in controversy, is purely one of fact. And any evidence which tends to solve this question is properly admissible. The certified copy of a survey made by the county surveyor is competent. It is made *primâ facie* evidence by the statute. He is supposed to consult the public record, and such other sources of information, as may serve to aid him in locating the land. His survey, however, is not conclusive, but may be shown to be erroneous. He may also be called as a witness. And so may any other person who has any information respecting the locality of the land. It is a common practice in the trial of actions of ejectment, to call witnesses for the purpose of showing the boundaries and precise location of a tract of land in dispute. The court erred in rejecting the evidence.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*