Dean *v.* Comstock.

## ALFRED DEAN

*v.*

## JOHN COMSTOCK.

|  |  |
|---|---|
| 32 | 173 |
| 150 | 309 |
| 32 | 173 |
| 157 | 132 |
| 32 | 173 |
| 207 | 7522 |
| 32 | 173 |
| e115a | 7357 |

1. PARTIES PLAINTIFF — *in trespass quare clausum fregit — of the possession.* The plaintiff in an action of trespass *quare clausum fregit* must have the actual, or constructive possession of the *locus in quo.* The *gist* of the action, is the injury to the possession.

2. If the premises are actually occupied, the action must be brought by the party in possession; if they are vacant and unoccupied, the party having the legal title has the right of possession, and must bring the action.

3. POSSESSION — *what constitutes.* A plaintiff in an action of trespass *quare clausum fregit* held a deed for certain premises from one who had a bond for a conveyance upon the payment of the purchase-money, which had not been done. The plaintiff holding such deed was never in the occupancy of the premises himself, but, for a time, was in possession by a tenant, who finally removed therefrom, delivering the key to his landlord, and leaving the premises vacant and unoccupied; and while thus vacant and unoccupied, the defendant, being the owner in fee, claiming under a subsequent conveyance from the same party who had executed the title bond to the grantor of the plaintiff, entered peaceably into the possession and occupancy of the premises; and in this act of the defendant consisted the alleged trespass. *Held,* that the facts did not constitute an actual possession in the plaintiff, when set up against the entry of the owner in fee. Against strangers having no claim or color of title, they might prevail.

4. RIGHT OF POSSESSION — *purchaser of an equitable title.* Nor had the plaintiff any right of possession. The contract of sale to his grantor was executory

and gave no right to enter upon the premises. The most that can be implied from such a contract, is a permission to the vendee to enter while the conditions are maturing, as a tenant at will, and occupy as such; but such permission could not be transferred to his grantee; he held but a bare equity, which could not avail him in an action at law.

5. RESCISSION OF CONTRACT. Where a party enters into possession of premises under a contract of purchase, holding a bond for a deed, of the usual form, and fails to comply with the terms of the purchase, the vendor is at liberty to treat the contract as rescinded and regain the possession by an action of ejectment.

6. DEMAND OF POSSESSION — *notice to quit.* And in such case, no demand of possession or notice to quit would be necessary.

7. TRESPASS — *whether the title is involved.* Trespass being a possessory action, it is not at all necessary that the right should come in question.

8. SAME — *position of the owner in fee.* But where the right does come in question, as under a plea of *liberum tenementum,* and the plaintiff has neither a right to the property nor to the possession, but has a naked possession, the owner of the fee has the right of entry and will not be liable in trespass, for exercising the right in a peaceable manner.

9. SPECIFIC PERFORMANCE — *after condition broken.* Where a party has received a conveyance of land from one who held a bond for a deed to be executed upon the payment of the balance of the purchase-money, and after the time has elapsed for the payment of the money the original vendor conveys the premises to another party, who goes into possession, if the owner of the equitable title wishes still to perform the contract by paying the balance of the purchase-money, he is at perfect liberty to do so, and on a proper case made, chancery will decree the title to him. And his case would not be weakened in the least degree, by being out of possession *pendente lite.*

APPEAL from the Recorder's Court of the city of La Salle; the Hon. WILLIAM CHUMESERO, Judge, presiding.

The pleadings and evidence in this cause are sufficiently set forth in the opinion of the court, to a proper understanding of the questions decided.

Mr. E. F. BULL, for appellant, presented the following points and authorities:

1. In order to maintain the action of trespass *quare clausum fregit,* the plaintiff must have the actual possession or occupation of the *locus in quo ;* or if vacant and unoccupied, he must have the legal title of the same, which, in that case, draws to it the possession. *Halligan* v. *C. & R. I. R. R. Co.* 15 Ill.

558; *Campbell* v. *Arnold*, 1 Johns. 511; *Austin* v. *Sawyer*, 9 Cow. 39; *Wickham* v. *Freeman*, 12 Johns. 183; *Stuyvesant* v. *Tompkins*, 9 Johns. 61; *Chatham* v. *Brainard*, 11 Conn. 60; *Kempton* v. *Cook*, 4 Pick. 305; *Shepard* v. *Pratt*, 15 Pick. 32; *Daisey* v. *Hudson*, 5 Harrington (Del.), 320; *Vance* v. *Beatty*, 4 Richardson, 104; *Shipman* v. *Baxter*, 21 Ala. 456.

2. After the expiration of the tenancy, and the vacation of the premises by the tenant, the possession of the premises does not revert to the landlord, so as to enable him to bring this action, unless he actually resumes the possession of the premises, or is the owner of the legal title thereto. *Wickham* v. *Freeman*, 12 Johns. 183; 2 Rolle Ab. 553; 6 Bac. Ab. 566.

3. The mere fact that the plaintiff has exercised acts of ownership over vacant and unoccupied premises, by leasing the same, is not sufficient proof of such a title as draws to him the constructive possession of the premises. *Wickham* v. *Freeman*, 12 Johns. 183; *Todd* v. *Jackson*, 2 Dutcher (N. Y.), 525.

4. A mere executory contract or agreement for the conveyance of real estate, does not confer upon the party receiving the same a right to enter; and if one enter under such a contract, even with the consent of the person executing the same, such entry will be considered a holding or tenancy at will, liable to be terminated at any time; and the person giving the contract, if the owner of the legal title, will not be liable to the person receiving the same, in this action, for a re-entry, particularly where the premises are vacant and unoccupied at the time of such re-entry. *Ives* v. *Ives*, 13 Johns. 235; *Gatewood* v. *Head*, 2 Litt. 60; *Suffern* v. *Townsend*, 9 Johns. 35; *Cooper* v. *Stower*, 9 Johns. 331; *Chandler* v. *Edson*, 9 Johns. 362; *Erwin* v. *Olmstead*, 7 Cowen, 229; *Todd* v. *Jackson*, 2 Dutcher (N. Y.), from 529 to 533; *Henderson* v. *Grewell*, 8 Cal. 581; *Lyford* v. *Putnam*, 35 N. H. 563, and cases cited on page 567; *Hyatt* v. *Wood*, 4 Johns. R. 157, 158 and 159; *Wilde* v. *Cantillion*, 1 Johns. Cases, 124.

A tenant at will or sufferance is liable to be ejected by his landlord at any time, 2 Black. Com. 145; 1 Watts and Serg. 90; Co. Lit. 55; and cannot maintain an action of trespass

against his landlord even for a forcible entry. *Wilde* v. *Cantillion*, 1 Johns. Cases, 124; *Hyatt* v. *Wood*, 4 Johns. 150.

Mr. E. S. HOLBROOK, for the appellee.

This was an action of trespass *quare clausum fregit.* The title came in question under the issues. The plaintiff held a deed of conveyance for the *locus in quo* from one who had a bond for a deed, to be executed upon the payment of the purchase-money at a subsequent day. The plaintiff holding such deed put a tenant in possession, who, after a time, vacated the premises and delivered the key to the house to his landlord. Upon the premises was a house surrounded by a fence. After the plaintiff's tenant thus vacated the premises, and while vacant and unoccupied, the defendant, claiming the fee under a deed from the same party who had sold to the plaintiff's grantor, and executed after the purchase-money on that sale had become due, and remained in part unpaid, entered into the possession, and in this consists the alleged trespass.

1. The plaintiff was in the actual possession of the premises after his tenant left. The fence and buildings themselves were a possession. The tenant had been gone but a few days. The house was locked, and the key with the plaintiff's agent, with knowledge of defendant. This was an actual possession of the landlord, under his bond and deed. *Morrison* v. *Kelley*, 22 Ill. 610.

2. This case stands, not on any of the points raised by appellant, but on this: Can the obligor in a bond to convey, after having received part of the purchase-money, and having let the *obligee into* possession, or can his assignee take violent possession of the premises, and thus abrogate the contract without notice — without offering to perform on his part — without tendering back the consideration received, and restoring the party to the state in which he found him? Appellee insists he cannot, and if he does he can be treated as a trespasser. *Smith* v. *Doty*, 24 Ill. 163; *Gehr* v. *Hagerman*, 26 Ill. 438; *Prentice* v. *Wilson*, 14 Ill. 91; *Hall et al.* v. *Desplaine*

Dean *v.* Comstock.

*et al.*, 5 Wis. 206; *Hines* v. *Bain*, 1 Sme. & Mar. Ch. 530; 1 Dev. & Bat. Equity, 237.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was an action of trespass *quare clausum fregit* brought in the Recorder's Court of the city of La Salle, by the appellee, against the appellant. The *locus in quo* is described as lots one and two in block seventy-four, in the city of La Salle. The defendant pleaded not guilty and *liberum tenementum.* The issues were found for the plaintiff and his damages assessed to eighty-five dollars. A motion was made for a new trial, which was overruled and exceptions taken, and the case brought here by appeal.

It appears by the bill of exceptions that one Heman Baldwin was the owner in fee of these lots, and on the 13th of July, 1857, he executed a bond to Mrs. Ann C. Wilson in the usual form, to make her a deed of general warranty for them, on condition that she paid two hundred dollars down, which she did pay, two hundred dollars on or before the first day of December then next, four hundred and fifty dollars in one year from the date of the bond, and the further sum of four hundred and fifty dollars in two years from the same date, all to bear interest at the rate of ten per centum per annum. This bond was recorded July 14, at which time the obligee with her husband were in the actual possession of the premises, and so remained until some time in the summer of 1858, when they left the premises and removed to Peoria. At Peoria, on the 18th of December, 1858, Wilson and wife, for the consideration of five dollars, by deed of general warranty with covenants of title and against incumbrances, conveyed the premises to the plaintiff, "subject, nevertheless, to the bond of Heman Baldwin to Ann C. Wilson, the grantor above named."

The plaintiff, about this time, employed one McGin as his agent to take charge of the premises, there being a house one story and a half high on the lots, and a fence around them. McGin leased the premises to one Fuller, and obtained a policy of insurance on the house in the name of Mrs. Wilson, which

was assigned to the plaintiff. Fuller remained in possession until the spring of 1860, paying rent to McGin as agent of the plaintiff, and when he left he delivered the key of the house to McGin. McGin did not go on to the premises after Fuller left. The defendant told McGin, about the time Fuller left, that he was going to take possession, and knew that McGin was plaintiff's agent, and asked him for the key, which he declined giving to him. Defendant knew of plaintiff's claim of title to the premises. The plaintiff himself was never in possession of the premises. Fuller was the only one in possession as stated. It does not appear that the plaintiff ever paid any taxes on the lots. They went to sale and were bid in by McGin. It also appeared that on the 15th March, 1860, Baldwin executed a quit-claim deed to the premises, to the defendant and one Blanchard for the nominal consideration of one dollar, and soon thereafter the defendant put one Adgate in possession of the house, and this is the trespass of which the complaint is made. When Adgate went into possession the premises were vacant, the door of the house was unlocked. The defendant put on a new lock and gave his tenant the key; he paid rent to defendant. When defendant sold to Hitt he paid rent to Hitt. Adgate states, when he first went to the premises with defendant, he found the house open, entirely vacant, and no one in possession.

It also appeared that Baldwin was a resident all this time of La Salle, and that defendant, as his assignee, had received payment of the two hundred dollar note executed by Mrs. Wilson, as part payment of the premises. The other notes for four hundred and fifty dollars each were due, one on the 13th July, 1858, and the other on the same day in 1859, and had not been paid.

Several points are made by the appellant, which it is not necessary to notice in detail, the real question being, has the appellee shown a right to recover in this action?

It is a settled principle in this action, that the plaintiff must have the actual, or constructive, possession of the *locus in quo.*

The *gist* of the action is the injury to the possession. If the premises are actually occupied, the action must be brought by

the party in possession; if they are vacant and unoccupied, the party having the legal title has the right of possession, and must bring the action. *Halligan* v. *Ch. & R. I. R. R. Co.*, 15 Ill. 560.

Did the appellee occupy either of these positions?

The proof is he never, at any time, was in the actual possession himself, and never on the premises. After receiving a deed from the Wilsons, he, by his agent, put a tenant in the house, who paid rent to the agent, and when the tenant left the premises he delivered the key to the agent, after which they were vacant and unoccupied. We can find no case, and we are referred to none, recognizing such facts, as an actual possession, when set up against the entry of the owner of the fee. . Against strangers, having no claim or color of title, they might prevail.

When the defendant put a tenant in, the door of the house was open and the premises were vacant. He entered, claiming the fee, of which he was the legal owner by his deed from Baldwin. The plaintiff, not being in actual possession, had no legal right on which to found the action. Trespass being a possessory action, it is not at all necessary that the right should come in question. But if it does come in question, as it did in this case, by the plea of *liberum tenementum*, and the defendant has shown, as he did show, that he owned the premises in fee, he cannot, on any principle of law with which we are acquainted, be rendered responsible to a person having neither a right to the property nor to the possession. Even if he had a naked possession, the owner of the fee had the right of entry, and would not be liable in trespass for exercising the right in a peaceable manner. *Agatt* v. *Wood*, 4 Johns. 157; *Wilde* v. *Cantillon*, 1 John. Cases, 123; *Watton* v. *File*, 1 Dev. & Bat. (N. C.), 568.

But it is urged by the counsel for appellee that, being the assignee or grantee of the premises through the deed from Wilson and wife, he had the right of possession.

Wilson and wife held but a covenant from Baldwin to make a title on certain conditions, which had not been complied with

by them; this contract was executory and gave them no right to enter upon the premises. *Cooper* v. *Stower*, 9 Johns. 331; *Suffern* v. *Townsend*, id. 35; *Erwin* v. *Olmstead*, 7 Cowen, 229. The most that can be implied by such a contract is a permission to enter while the conditions are maturing, as a tenant at will, and occupy as such. When the Wilsons abandoned the premises and removed to Peoria, this implied permission to occupy, expired, and they could not transfer it to their grantee. All that the plaintiff got by this transfer from the Wilsons was the right to pay the money due for the premises, and to demand a deed from Baldwin. Not having done so, not having complied with the terms of purchase, Baldwin was at liberty to treat the contract as rescinded, and regain the possession by an action of ejectment, and no demand of possession or notice to quit would be necessary. *Prentice* v. *Wilson*, 14 Ill. 93.

If their ejectment could be without a demand of possession, or a notice to quit, what should prevent the grantee of the real owner from taking peaceable possession of the premises when abandoned and left vacant?

If the owner of the equitable title wishes still to perform the contract, by paying the balance of the purchase-money, he is at perfect liberty to do so, and on a proper case made, chancery would decree the title to him. His case would not be weakened in the least degree by being out of possession *pendente lite*.

The plaintiff, appellee here, having shown neither an actual nor constructive possession to these premises, and the defendant, justifying his entry under a plea of title in himself, and having established it on the trial, he should have had the verdict. The plaintiff, at least, had but a bare equity, which could not avail him in an action at law.

These views dispose of the instructions and render unnecessary a special reference to them. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

Mr. JUSTICE WALKER concurred.

Mr. CHIEF JUSTICE CATON dissented.