THE INDIANAPOLIS, BLOOMINGTON AND WESTERN
RAILROAD COMPANY

*v.*

WILLIAM  HARTLEY *et al.*

| 67 | 439 |
| 131 | 496 |
| 67 | 439 |
| 135 | 278 |
| 67 | 439 |
| 136 | 127 |
| 67 | 439 |
| 156 | 263 |
| 157 | 134 |
| 67 | 439 |
| 69a | 512 |
| 67 | 439 |
| 170 | 518 |
| 171 | 514 |
| 67 | 439 |
| m 87a | 597 |
| 67 | 439 |
| 202 | 4226 |

1. STREETS—*when the fee passes to the public.*  Where the owner of land in a town or city plats the same into lots and streets, the plat itself, under the statute, when recorded, will operate as a grant of the fee in the streets to the corporation.  But when a street or highway is acquired by dedication, or *user*, the fee will remain in the original proprietor, burdened with the public easement.

2. RIGHT OF WAY—*right of State or city to grant right of way to railroad company in street when the fee remains in adjoining owner.*  Where the fee of a highway or street remains in the original proprietor, it is immaterial how the public acquired the easement over the same, whether by condemnation or by dedication.  It is only for ordinary travel, such as is customary on streets and highways.  In such a case the State or city authorities may grant the right to a railway company to lay its track along or across such street, but the company avails of its privilege at its peril.  If, in laying its track, it causes a private injury to him who owns the fee in the adjoining premises, it must make good the damages sustained.

3. SAME—*additional burdens imposed require additional compensation.*  Where the public have acquired an easement over a person's land for an ordinary street or highway, the location of the track of a railroad on the same is an additional burden and servitude upon the land, which will entitle the owner to additional compensation.  Again, such act is an exclusive appropriation by the railroad company of the soil to its own use, which the owner had the right himself to use for any purpose, not inconsistent with the prior public easement, and for that reason it is taking private property for public use, which can not be done without making just compensation.

4. SAME—*in street the fee to which is in the public.*  A distinction is made between cases where the municipality granting the right to lay a railroad track owns the fee in the streets, and where the fee remains in the abutting land owner.  In the former case it seems that the owners of property fronting on such streets can not enjoin the laying of the track, nor receive compensation for the use of the streets so occupied.

5. SAME—*trespass.*  In this case the city authorities granted a railway company the right to construct its track diagonally across a street or

highway the fee of which was in the adjoining land owner, and it was constructed partly on his land, which he owned subject to the public easement. In its construction it lowered the street on either side some four feet to make an even grade over the railway, and thereby made it difficult of ingress and egress to and from the owner's land and residence with the street, and more difficult than before for foot passengers: *Held*, that the company was liable to the owner in an action of trespass.

6. DAMAGES—EXCESSIVE—*in trespass quare clausum fregit.* Where a railroad company constructed its track diagonally across a highway, the fee to the center of which was in the plaintiff as an adjoining land owner, and part of the track was very near to his other land and near his residence, and made a deep cut across the highway, so that they were compelled to and did lower the grade of the highway on either side of their track, for some distance, some four feet in depth, whereby ingress and egress to his property were made very difficult for carriages, and more difficult to persons on foot than before, it was *held*, that a recovery of $1800 by the plaintiff in an action of trespass was not excessive.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of trespass, by William Hartley and Alley Hartley, against the appellant, for breaking and entering the close of the plaintiffs, excavating therein without their consent, and constructing and laying down thereon a railroad track, and thereafter operating the same, and by so doing permanently injuring and damaging the plaintiffs' close, and preventing the plaintiffs from the reasonable use and enjoyment of the same.

A trial was had, resulting in a verdict and judgment in favor of the plaintiffs for $1800. The other material facts of the case are stated in the opinion.

Messrs. WELDON & BENJAMIN, and Mr. J. C. BLACK, for the appellant.

Mr. M. W. PACKARD, and Mr. H. SPENCER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The land upon which the alleged trespasses were committed was never platted or laid off as a part of or of any addition

to the city of Bloomington, but is within its corporate limits, and was so situated at the committing of the grievances complained of in the declaration.

Prior to the extension of the city limits a public highway, known as the "Peoria road," had been established on the south side of the premises in controversy, of the width of sixty feet, one-half being on the land now owned by appellees. After the limits of the city had been extended so as to include this tract of land, which was done some fifteen or twenty years ago, the highway over which the public had exercised jurisdiction for so many years, at that point was called Front street, being a continuation, by common consent, of a street of that name to the western boundary of the city, and by dedication, or common user, it was made fourteen feet wider than the old road, but whether any portion of the fourteen feet came off the premises owned by appellees does not very clearly appear, nor is it very material. The city neither purchased nor condemned the additional number of feet added to the street. There was no ordinance formally extending Front street westward, but the city assumed and continued to exercise jurisdiction over the highway as a street the same as other streets in the city.

Under the authority given by the city, by ordinance, to lay the track upon and across any street or alley within certain limits, appellant constructed its road diagonally across Front street, south of appellees' premises, without their consent. In constructing the road bed appellant caused the street to be excavated to the depth of four or five feet. The track nowhere touches the land in the inclosure of appellees, but comes within six inches or a foot of it at one corner, and if they own to the center of the old highway, then it is constructed on land the fee of which is in them.

The excavation in the street made it necessary to lower the grade in front of the premises of appellees, and in doing so the company removed a large amount of earth. This latter work appears to have been done by the company under the

direction of the street commissioner, so as to have an even grade on which the public travel could more conveniently pass over the track.

The premises of appellees had previously been above the grade of what is called Front street, but the construction of the company's road across the street, and the grading that was necessary to be done to get an even grade, left them still very much higher, and rendered ingress and egress more difficult for carriages and even for persons on foot.

It can not be successfully contested that appellees owned the fee of the land to the center of the old highway. It was never conveyed to the city by any formal grant, by plat or otherwise. The adjoining proprietors never parted with the fee. Had they platted the grounds into lots and streets, under the statute the plat itself, when recorded, would have operated as a grant of the fee to the corporation. This they did not do. The city could and did acquire an interest in the street, although the grounds were never set apart for that specific purpose, in the manner prescribed in the statute. It may be by dedication, or common user, and in such cases the fee would remain in the original proprietors, burdened with a public easement. *Canal Trustees* v. *Haven*, 11 Ill. 554; *Hunter* v. *Middleton*, 13 Ill. 54; *Manly* v. *Gibson*, 13 Ill. 308.

It is not questioned the city had granted appellant the necessary authority to construct its road across the street, and the principal question in the case is, whether the State and the municipal authorities combined have the power to grant the company the right to construct its track across lands the fee of which is in appellees, without obtaining their consent or making compensation.

On the one hand, it is insisted appellees' proprietary rights have been interfered with, and that the action of the company in taking possession of the lands comes within the constitutional inhibition that private property shall not be taken for public use without just compensation. On the contrary, it is claimed that it is immaterial whether the city owns the fee of the

street or not; the municipal authorities have the supreme control over all streets, and can grant the right to lay a track on or across any street, and having done so in this instance, if ingress and egress are not materially affected, is *damnum absque injuria.*

The exact question presented has not been passed upon by this court. The authorities bearing on it are by no means harmonious. There are a class of cases that hold it is immaterial whether the municipality owns the fee in the streets or not, it may, if the legislature has conferred power for that purpose, grant a railroad company the right to construct and operate its road along or across any public street. In another class of cases the power has been confined to municipalities owning the fee of the streets.

Both classes of cases, however, rest upon the same principle, viz: a railroad is only an improved highway, and the public, having the right to the exclusive use by legislative authority, may grant the use of streets for this mode of travel, although no such use was contemplated when the streets were dedicated to public use.

The decisions in this State prior to the adoption of our present constitution, are in reference to cases where the city granting the privilege owned the fee of the streets. The trespasses complained of in the case at bar were committed prior to the adoption of our present constitution, and the right to recover is not affected by its provisions.

In *Moses et al.* v. *Pittsburgh, Ft. Wayne and Chicago R. R.* 21 Ill. 516, it was held, where the corporation owns the fee of the streets, and by its charter the local authorities are invested with exclusive control over them, and those authorities grant permission to locate railway tracks along a street, the owners of property fronting thereon can not enjoin the laying of such tracks, nor receive any damage or compensation for the use of the streets so occupied.

In *Murphy* v. *The City of Chicago*, 29 Ill. 279, it was held to be a legitimate use of the street or highway to allow a

railroad track to be laid down in it, and for so doing the city is not liable to any damages that may accrue to individuals.

What is said in those cases is in reference to streets where the fee is in the corporation granting the privilege. No question of an ordinary highway is involved in either of them. We are not disposed to extend the principles or the reasoning of these cases any further, or apply them to cases not strictly within their meaning.

A distinction has been taken where the municipality granting the right to lay the track owns the fee in the streets, and where the fee remains in the abutting land owner, and it seems to us that it rests on sound principle and is supported by the highest authority.

Where the fee remains in the original proprietor, it is immaterial how the public acquired an easement over the lands, whether by condemnation or by dedication; it is only for the use of ordinary travel, such as we are accustomed to see on streets or highways. In case the proprietor dedicated the land, it was for no other purpose, and if it was condemned, his damages were assessed with no other view. A different use of the land from that for which it was intended can not be justified on the ground that a railway is an improved highway. Railway companies are only public corporations in a limited sense. The right of way, the road bed and the carriages propelled thereon are owned by private individuals, and not by the public. Fares are charged for travel thereon for the exclusive benefit of the parties owning the road. They are constructed and equipped in the interest of private speculation, but at the same time they are intended to subserve the public good. The travel on them bears no analogy to our notions of travel on an ordinary street or highway, where every one travels at pleasure in his own conveyance, without paying tolls or fares. The uses are totally different and even inconsistent. The one is exclusive in favor of private interest, and the other is open and free to all.

The doctrine most in consonance with our sense of justice is, where the fee of the street remains in the abutting land owner the corporation may grant the right to a railway company to lay its track along or across any street, but the company avails of its privilege at its peril. If, in laying its track, it causes a private injury to him who owns the fee in the adjoining premises, it must make good the damages sustained.

The following cases are in harmony with our views of the law, and are conclusive of the case at bar: *Presbyterian Society* v. *Auburn and Rochester R. R.*, 3 Hill, 567; *Williams* v. *New York Central R. R.* 16 N. Y. 97; *Mahan* v. *N. Y. Central R. R.* 24 N. Y. 658; *Inhabitants of Springfield* v. *Conn. R. R.*, 4 Cushing, 63; *Haynes* v. *Thomas*, 7 Porter (Ind.) 39; *Tate* v. *O. and M. R. R. Co.* 7 Porter, 480; *Nicholson* v. *N. Y. and N. H. R. R.* 22 Conn. 83.

Most of these cases proceed on the principle that the location of the track of the railroad on the highway is an additional burden and servitude upon the land, which would entitle the owner to additional compensation. Others go upon the ground that it is an exclusive appropriation by the railroad of the soil to its own use, which the owner had the right himself to use for any purpose not inconsistent with an easement in favor of the public, and for that reason have held it is taking private property for public use, and have required just compensation to be made. The cases can be maintained on either or both grounds. Neither the State nor the municipality has the power to grant away the private property of the citizen, and if corporations *quasi* public, in the exercise of the right of eminent domain, with which they are clothed by the sovereign power of the State, seek to appropriate it to their exclusive use, every principle of justice demands that they should make just compensation, whether the property taken is of little or great value.

It is urged that the damages found by the jury are excessive. We do not think so. By reason of excavating for the track of appellant's road the grade of the street in front of

the residence of appellees had to be materially lowered, so that ingress and egress by carriages from the street were rendered impracticable, and were made far more difficult for persons on foot than it had formerly been.   There is no evidence that it would have been necessary to lower the grade of the street except for the location of appellant's road.   The damages sustained by the appellees are marked and appreciable, and there is no reason why the judgment should not be affirmed.

The judgment of the court below is affirmed.

*Judgment affirmed.*