JACOB GLOS

*v.*

CATHARINA BOETTCHER.

*Opinion filed December 18, 1901.*

1. TAX DEEDS—*when tax deed is void.* A tax deed issued in pursuance of notice by publication, based upon affidavits stating that no person was in possession or occupancy of the property and that affiant was unable to find any of the owners or parties interested in the property after making diligent search and inquiry "in Cook county," is void, since the statute does not confine within county lines the diligent inquiry required to be made.

2. EVIDENCE—*when copy of affidavit is properly admitted in evidence.* In a proceeding to set aside a tax deed a copy of the affidavit for notice by publication is properly admitted, whether sufficiently certified by the county clerk or not, where the deputy clerk producing the same testifies that he has examined the records and the copy offered in evidence and compared the same, and that such copy is a true one.

3. SAME—*what sufficient proof of allegation of ownership of property.* Complainant's allegation of the ownership of property, in a bill to set aside a tax deed, is sufficiently established by proof that for more than twenty years prior to the sale of the property for taxes, and prior to the filing of her bill, she had been in the open, adverse and exclusive possession of the property, claiming to own the same.

APPEAL from the Circuit Court of Cook county; the Hon. EDWARD P. VAIL, Judge, presiding.

GAGE & DEMING, for appellant.

CHENEY & EVANS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee obtained a decree in the court below setting aside, as a cloud on her title, a tax deed to appellant of the east one hundred and twenty-five feet of the south thirty-two feet of lot 4, in block 4, of Borden's subdivision of the west half of the south-east quarter of section 36, township 40, range 13, east, in Cook county. The

decree found that Glos, the appellant, was entitled to receive from appellee, for taxes paid and interest and costs, the total sum of $85, but that he refused to accept the same, and that appellee, upon the order of the court, had paid said amount to the registrar of the court for Glos, subject to his order. It was adjudged by the decree that appellee was the owner of the property, that no sufficient notice was given, as required by the statute, of the sale of the property for taxes and of the time when the right to redeem would expire, and that the tax deed was null and void. Glos offered no evidence, but on this his appeal to this court he contends that the decree is erroneous for three reasons: First, because the evidence fails to prove that the appellee was, at the time of filing her bill, the owner of the property; second, that there was no competent evidence that the notice was *not* given as required by the statute; and third, that it was error not to refer the cause to the master on his motion to state the account of taxes, interest and costs to be decreed to him on the cancellation of his tax deed.

There was sufficient evidence to prove that appellee had been in the open, adverse and exclusive possession of the property for more than twenty years prior to its sale for taxes and prior to the filing of her bill, claiming to own it, and this was sufficient to sustain her allegation that she was the owner. *Glos* v. *Randolph*, 138 Ill. 268.

As to the second objection, it appears that the property was not assessed in appellee's name, but as she was in the actual possession of it, the purchaser at the tax sale, Glos, was required to serve notice in writing upon her of such purchase, and it is not pretended that any such notice was given. On the contrary, notice by publication, only, was given, based upon affidavits that no person was in possession or occupancy of the property, and that affiant made diligent search and inquiry in Cook county for the owners of and parties interested in said premises, and upon such diligent search and inquiry was

unable to find any of said owners or parties interested. The affidavits were not a sufficient compliance with sections 216 and 217 of the Revenue act. The statute does not confine within county lines the diligent inquiry required to be made. The deed issued in pursuance of such notice is void, and was properly so declared. *VanMatre* v. *Sankey,* 148 Ill. 536.

But counsel insist that the court erred in admitting in evidence the certified copy of such affidavits because of the alleged insufficiency of the certificate of authentication,—that is, that the certificate of the county clerk failed to state that he was the keeper of the records of which the writings certified to were certified to be a copy. We find it unnecessary to consider this objection, inasmuch as the witness, a deputy clerk, producing the same, testified that he had examined such records and said copy so offered in evidence, had compared the same, and that the said copy so offered in evidence was a true copy. Section 18 of the act relating to evidence provides that "any such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses." (Rev. Stat. p. 491.) The affidavits in question were sufficiently proved by the copy examined and sworn to by the witness, whether it was properly certified to by the clerk or not.

The third point, that the court erred in not referring the cause to the master to state the account, is not well taken. The account, if it may be so called, was exceedingly simple, and rested merely in the computation of a few items fully shown by the evidence, and there was no necessity for a reference.

The judgment will be affirmed.

*Judgment affirmed.*