JACOB GLOS *et al.*

*v.*

EDNA HARRIS HOLMES.

*Opinion filed June 19, 1907—Rehearing denied October 9, 1907.*

1. DEEDS—*effect where description in deed is of doubtful construction.* Where a deed is of doubtful construction as to boundaries, the construction given to it by the parties themselves, as shown by their acts, is deemed to be the true construction until the contrary is shown.

2. CLOUD ON TITLE—*what makes a prima facie showing of title in complainant.* In a proceeding to cancel tax deeds as clouds upon the title of complainant to the "west twenty acres of the east half" of a certain quarter section, proof of a deed to complainant's grandparents to "a strip of land consisting of twenty acres off from the west side" of the east half of the same quarter section, coupled with proof that complainant's grandparents took possession and held the same until their death, and that complainant was their

only heir and had been in continuous possession since their death, shows *prima facie* title in the complainant.

3. SAME—*proof of possession does not fail because the evidence shows a highway crosses the land.* In a proceeding to cancel tax deeds as clouds upon the title of complainant to a twenty-acre tract of land not lying within the borders of any city or village, a failure of the complainant to establish her possession of the entire premises cannot be predicated upon the fact that the evidence showed there was a public highway, in which the public had an easement only, running through the land.

4. EVIDENCE—*sworn copies of the papers and records cannot be impeached by parol.* Sworn copies of the papers and records upon which the tax deeds sought to be canceled were based, and which have been admitted in evidence, cannot be impeached by the oral testimony of witnesses who had examined the original papers and records, where the original papers and records are available.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

JACOB GLOS, *pro se;* JOHN R. O'CONNOR, for appellants Emma J. Glos and A. A. Timke.

A. M. McCONOUGHEY, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed by the appellee, against the appellants, in the circuit court of Cook county, to cancel certain tax deeds alleged to be clouds upon her title to the west twenty acres of the east half of the north-west quarter of section 31, in township 36, north, range 15, east of the third principal meridian, Cook county, Illinois. She alleged she obtained title to said premises by descent from her grandfather and grandmother, Henry Harris and Mary Harris; that said premises were improved farm property and that she was in possession thereof through her tenants. Answers and replications were filed and a trial had before the court, which resulted in a decree in favor of the appel-

lee, from which decree appellants have prosecuted an appeal to this court.

To show title in herself the appellee introduced in evidence a deed which bears date March 4, 1874, executed by Henry Pfile and Lena Pfile to Henry Harris and Mary Harris, to the introduction of which the appellants objected on the ground that said deed did not describe the premises described in the bill. The premises were described in the deed as "a strip of land consisting of twenty acres off from the west side" of the east half of the north-west quarter of section 31, township 36, north, range 15, east of the third principal meridian, Cook county, Illinois. We see no material difference between a strip of land consisting of twenty acres off from the west side of the east half and the west twenty acres of the east half of said quarter of said section. In any event, the evidence showed, without dispute, that Henry Pfile owned the land in controversy, and that he sold, and he and his wife conveyed, the same to Henry Harris and Mary Harris by executing to them the deed above referred to, and that Henry and Mary Harris went into possession thereof shortly after the execution of said deed and remained in possession thereof up to the time of their death, which occurred about twelve years prior to the time this suit was tried, and that the appellee was their only heir-at-law, and that she has been in possession of said premises since the death of Henry and Mary Harris. In *Illinois Central Railroad Co.* v. *O'Connor,* 154 Ill. 550, it was held where a deed conveying land is of doubtful construction as to boundaries, the construction given to it by the parties themselves, as shown by their acts, is deemed to be the true construction until the contrary is shown. Subsequent to the execution of the deed by Henry Pfile and wife to Henry and Mary Harris, said Henry and Mary Harris and the appellee have been in possession of the west twenty acres of the east half of the north-west quarter of section 31, township 36, north, range 15, east of the third

principal meridian, Cook county, Illinois, which is the land described in the bill. We are of the opinion the circuit court correctly held that the appellee established *prima facie* title in herself to the land described in her bill.

It appeared from the evidence that a public highway crosses said twenty-acre farm, and the contention is made that the appellee failed to establish she was in possession of all the premises described in her bill by reason of the location of said public highway upon and across said farm, as it is said the possession of the portion of said premises contained within the boundaries of said public highway was in the public and not in the appellee. The premises in question were not within the boundaries of a city or village and the public had but an easement in the lands covered by said public highway, and the appellee had the possession of said premises subject to said easement, (*Indianapolis, Bloomington and Western Railroad Co.* v. *Hartley,* 67 Ill. 439; *Postal Telegraph-Cable Co.* v. *Eaton,* 170 id. 513; *Board of Trade Telegraph Co.* v. *Barnett,* 107 id. 507;) and by reason of such possession we think appellee could maintain her bill to remove said tax deeds as clouds upon her title to said premises. In numerous cases in this court it has been held that an abutting owner may maintain trespass, which action a plaintiff cannot maintain unless he is in possession, (*Dean* v. *Comstock,* 32 Ill. 173; *Fort Dearborn Lodge* v. *Klein,* 115 id. 177; 2 Greenleaf on Evidence,—7th ed.— sec. 613;) against persons interfering with his rights in a public street or highway, when the fee to the lands underlying the street or highway is in the abutter. (*Dean* v. *Comstock, supra; Fort Dearborn Lodge* v. *Kein, supra; Indianapolis, Bloomington and Western Railroad Co.* v. *Hartley, supra; Postal Telegraph-Cable Co.* v. *Eaton, supra; Board of Trade Telegraph Co.* v. *Barnett, supra.*) The doctrine of those cases rests upon the principle that the abutter is in possession of the land as the owner of the fee, subject, only, to the right of the public to use the same as

a public street or highway. Clearly, therefore, appellee established such a possessory right in the premises described in her bill as entitled her to maintain her bill to remove said tax deeds as clouds upon her title, notwithstanding a portion of said premises was occupied for highway purposes.

The appellee offered in evidence the original records and papers in the county clerk's office of Cook county in the proceedings upon which the tax deeds sought to be canceled were based. Objection was made to the introduction of said records and papers on the ground they were originals and not certified copies, whereupon the appellee offered in evidence sworn copies thereof, which were admitted in evidence. Under the authority of *Glos* v. *Boettcher,* 193 Ill. 534, the admission of said sworn copies was proper. After the sworn copies were offered in evidence the appellants sought to prove by parol evidence said sworn copies were not correct copies of the original records and papers in the county clerk's office. This evidence the court, as we think, properly declined to admit. (*Glos* v. *Garrett,* 219 Ill. 208.) Section 18 of chapter 51, (Hurd's Stat. 1905, p. 1037,) relating to evidence, provides any such papers, entries and records may be proved by copies examined and sworn to by credible witnesses. The copies of the records and papers offered in evidence were sufficiently proven and the court properly admitted them in evidence, and when admitted in evidence the contents thereof could not be disputed by oral evidence. The originals were in court, and in case the appellants desired to impeach the sworn copies received in evidence, the best evidence with which to impeach them was the original records and papers, and not the testimony of witnesses who claimed to have examined the originals.

We have examined and considered in this opinion all the questions raised and discussed in the briefs filed on behalf of appellants as grounds of reversal, and finding no reversible error in the record the decree of the circuit court will be affirmed.          *Decree affirmed.*