Cicero Trust & Savings Bank and North Side Sash & Door Company, Appellees, v. Kathryn Marie Schermann, Appellant.

Gen. No. 33,170.

Opinion filed April 17, 1929.

JACOB LEVY, for appellant; JAMES M. GWIN, of counsel.

CHENEY, EVANS & PETERSON, for appellees; ALBERT PETERSON, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The Cicero Trust & Savings Bank, a corporation, filed its bill of complaint in the superior court of Cook county to set aside a conveyance of real estate made by John Schermann and Mary Schermann, his wife, to their daughter, Kathryn Marie Schermann, the defendant in this action.

The bill charges that the conveyance was made to defraud creditors and that at the time of the conveyance the said John Schermann was involved and unable to pay his debts; the bill further charges that the said John Schermann died intestate and that Mary M. Schermann, his wife, was appointed administratrix of his estate; charges further that the complainant had filed its claim in the probate court, which had been allowed in the sum of $3,507.29, but that no part of same had been paid and that the property of the estate would be insufficient to pay the creditors. The bill prays that the deeds from the said John Schermann and his wife, to the defendant, be set aside and that the property be subjected to the indebtedness of the complaint. Certain minor amendments were made to said bill without changing its effect. The defendant answered admitting the conveyance to her, but charged that the same was made for a valuable consideration and denied that the said John Schermann was rendered insolvent by the conveyance and called for strict proof of the allegations in the bill of complaint.

The North Side Sash & Door Company, a corporation, joined as appellee in this appeal, filed its intervening petition, setting forth that it had a claim against John Schermann for the sum of $1,640 and interest, and asking to be made a party to the suit and praying the same relief as if a party complainant to the bill and entitled to its proportionate share of any assets which might be discovered and distributed by the court. In accordance with the prayer of the intervening petition the North Shore Sash and Door Company was permitted to become a co-complainant in the proceeding.

Mary M. Schermann, individually and as administratrix of the estate of John Schermann, filed her answer denying that the conveyance of the real estate in question had been made for a nominal consideration and denying further that at the time of the conveyance the

said John Schermann was indebted in a large sum of money to creditors and denying that the conveyance was made for the purpose of defrauding them.

The cause came on for hearing before the chancellor and a decree was entered in said cause finding that the conveyance to the defendant by John Schermann, deceased, was a fraudulent conveyance and declaring it to be null and void as to the complainants and directing the defendants, or some of them, to pay the complainants the amount found due in the decree and, upon failure so to do, directing the sale of the property by a special master in chancery for the purpose of satisfying said claims, the balance, if any, remaining after said sale and after satisfying the claims of complainants to be paid to Mary M. Schermann as administratrix of the estate of John Schermann, deceased.

It is a rule well established in this State that, before a creditor can file a bill in equity, for the purpose of setting aside a conveyance and discovering assets, that he must first exhaust his legal remedies for the purpose of satisfying his claim. It became a matter of material importance under this rule, that the complainants should show that they had filed their claims in the probate court and that the same had been allowed and that there were not sufficient assets in the estate out of which to satisfy them. In order to sustain this issue of fact, the complainants offered an affidavit signed by one Earl E. Schultz from which it appears that he was an employee in the office of the attorneys for complainants; that he had examined the files and records of the probate court in the estate of John Schermann and that the following was a true and correct copy of the claims filed in said estate and, among others, setting forth the claim of the complainants, together with the date of allowance and the amount found due thereon. Objection was made to the admissibility of this affidavit on the ground that it was not a proper compliance with the statute.

Section 18 of the Evidence Act, Cahill's St. ch. 51, ¶ 18, provides as follows:

"Any such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses."

This section has reference to certain previous sections in the Evidence Act, just preceding it.

The Supreme Court of this State in the case of *Judson v. Freutel,* 266 Ill. 24, in its opinion says:

"Appellee claims that it was proper to offer in evidence the sworn copies of the records of said deeds under section 18 of chapter 51 of Hurd's Statutes. Chapter 51 is the chapter on evidence, and provides by section 13 how court records, papers and entries may be proved. Section 14 provides the manner in which papers, entries, records and ordinances of a city or other municipality may be proved. Section 15 provides how the papers, entries and records of any corporation may be proved, and section 16 refers to the form of the certificate in such cases. Section 17 provides the manner in which proceedings and judgments before justices of the peace may be proved by certified copy. Section 18, relied on by appellee, is as follows: 'Any such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses.'

"Appellee cites the case of *Glos v. Holmes,* 228 Ill. 436, in support of his contention that sworn copies of the record of the deeds in question were properly offered in evidence. In that case it was held that it was proper to offer in evidence sworn copies of the original records and papers in the county clerk's office of Cook county in proceedings upon which the said tax deeds sought to be canceled were based. Such records, however, come clearly within section 18 of the Evidence act. It was held in *Chicago, Wilmington and Vermilion Coal Co. v. Moran,* 210 Ill. 9, that section 18 of the Evidence act relates only to papers, entries and

records mentioned in the previous sections of the act which we have referred to.''

The Supreme Court of this State in the case of *Glos v. Holmes,* 228 Ill. 436, referred to in the preceding opinion, held that the admission of sworn copies was proper, but added that the copies of the records and papers offered in evidence were sufficiently proven and, therefore, properly admitted. This opinion was based upon the authority of *Glos v. Boettcher,* 193 Ill. 534, but an examination of that case shows that a witness was upon the stand who testified that he had examined the records and that he had compared the same and that the copy offered in evidence was a true copy. In the case at bar no witness was produced and placed upon the stand to testify as to the correctness of the copy of the records of the probate court contained in the affidavit.

Section 18 of the Evidence Act, Cahill's St. ch. 51, ¶ 18, relied upon by counsel for the complainant, does not provide that papers, entries, records and ordinances may be proved by affidavit, but expressly states that it may be proved by copies examined and sworn to by credible witnesses. If the affidavit alone was admissible in evidence there would be no means of ascertaining whether the witnesses were credible or otherwise. According to the ordinary interpretation of the word ''witness,'' it would signify a person sworn and examined under oath in open court.

Section 13 of the Evidence Act, Cahill's St. ch. 51, ¶ 13, provides that papers, entries and records of courts may be proved by a copy thereof certified under the hand of the clerk of the court having the custody thereof, together with the seal of the court or by the judge of the Court if there be no clerk. If any person were permitted to subscribe to an affidavit attached to a copy of a court record or proceeding, the solemnity of the certification of a clerk with the seal of the court may as well be dispensed with,

It was evidently the intention of section 18, Cahill's St. ch. 51, ¶ 18, to provide a manner of proof, in addition to that provided in the preceding sections but only on the production of a witness, present in court and subject to examination. In this manner a court and jury would be able to ascertain whether or not he was a competent and credible witness and capable of swearing to the instrument or document prepared by him and offered in evidence.

The Supreme Court of Connecticut in the case of *Dibble v. Morris*, 26 Conn. 416, in its opinion says:

"Nor were these copies admissible as examined copies, for no legal evidence of their examination was produced. By the 'credible witnesses' mentioned in the statute, and authorized in certain cases to verify copies of record, are doubtless intended witnesses giving testimony under the sanction of the witnesses' oath, and who may be cross-examined as to the existence of the record and the accuracy of the copy."

See also *West Jersey Traction Co., etc. v. Board of Public Works of City of Camden*, 57 N. J. L. 313, wherein the court in its opinion, said:

"The third kind of authenticated copy is an examined or sworn copy, which if proved by producing a witness who has compared the copy with the original record, word for word, or who has examined the copy while another person read the original."

See also 22 Corpus Juris, sec. 943; 1 Greenleaf on Evidence, Ed. 13, sec. 508.

It is insisted on behalf of counsel for complainants that the answer of the administratrix filed in said cause admitted that the claim of the complainants had been filed and allowed in the probate court, but we cannot see that this admission is in any way binding on the real defendant. Proof of allowance of the claim of the complainants in the probate court was a matter material to the issue on which the entire cause of action was predicated and, failure to make proof in that re-

gard in a proper manner, was error requiring the reversal of the cause for further proceedings in that regard. The allowance of the claim in the probate court was a judgment entered by a court of competent jurisdiction. *Ford v. First Nat. Bank*, 201 Ill. 120.

The decree provides that in the event there shall be any surplus remaining after the sale of the property and the making of the disbursements provided for in said decree, the balance, if any remaining, shall be paid to Mary Schermann, as administratrix of the estate of John Schermann, deceased. This was error. It is a well settled principle of law as between the parties to a fraudulent conveyance, that the deed is valid and binding and the grantor retains no legal or equitable interest in the property conveyed.

The right of an administrator to bring an action to set aside the conveyance of real estate on the ground that it was fraudulently conveyed by his intestate, has never been recognized in this State. Such being the rule, it necessarily follows that the grantor having no interest in the real estate, after the conveyance, his administrator stands in the same position.

The Supreme Court of this State in the case of *Sifford v. Cutler*, 244 Ill. 234, in its opinion, says:

"Under our statute an administrator or executor can petition only to sell the real estate to which the decedent 'had claim or title' at the time of his decease. (*In re Estate of Stahl*, 227 Ill. 529.) It is a well-settled principle of law that as between the parties to a fraudulent conveyance the deed is valid and binding and the grantor retains no legal or equitable interest in the property conveyed. It is only creditors who can question the fairness of the transaction. The right of an administrator to bring an action to set aside the conveyance of his intestate on the ground that it was fraudulent has never been recognized in this State. As to such a conveyance the administrator stands in the shoes of his intestate, and it cannot be contended that

the deceased could have maintained such an action in his lifetime.''

In view of the fact that it becomes necessary that said cause be retried, this court has refrained from discussing the questions of fact involved in the record as it is now before us.

For the reasons stated in this opinion, the decree of the superior court is reversed and the cause remanded for a new trial.

*Decree reversed and cause remanded.*

HOLDOM, P. J., and RYNER, J., concur.