HENRY R. DICKINSON, Appellant, v. JAMES W. BREEDEN, Appellee.

### APPEAL FROM HANCOCK.

There is much danger in allowing the introduction of copies of deeds conveying valuable land, without fully establishing the fact of the existence, at some time, of an original, and of its subsequent loss or destruction, so that, after diligent search, it cannot be found.

THIS was an action of ejectment by appellee against appellant. On the trial the plaintiff offered in evidence a copy of a deed from James J. Dozier to Elisha L. Conant, which formed a portion of his chain of title. The court below admitted the copy in evidence, and defendant excepted. The remaining facts necessary to a full understanding of the decision are stated in the opinion.

BROWNING & BUSHNELL, and FERRIS, HOOKER & EDMUNDS, for Appellant.

WILLIAMS, GRIMSHAW & WILLIAMS, for Appellee.

BREESE, J. The only point we shall now consider is, as to the sufficiency of the proof to account for the absence of the original deed from Dozier to Conant. The only proof offered on the point was the following affidavit of the plaintiff in the action:

"James W. Breeden, the aforesaid plaintiff, being first duly sworn, deposes and says, that it is not in his power to produce upon the trial of said cause the original of a deed from James J. Dozier to E. L. Conant, dated 8th October, 1835, and for the premises in controversy in this case, and recorded in Hancock county, Illinois, in book "B" of deeds, page 464; that the original of said deed has never been in affiant's possession or under his control; affiant purchased said premises of said Conant, and received a deed of conveyance therefor from him, but neither when he so purchased, nor at any time before or since, did he receive from said Conant the original of said deed from Dozier to Conant; affiant resides at Louisville, in the State of Kentucky, and said Conant resides in the State of Indiana, at Evansville, and resided in said State of Indiana when he conveyed said land to affiant. Affiant has applied to said Conant, both in person and by letter, for said original deed, but has never been able to procure said original deed from said Conant, nor get any information from him, or any one else, as to where said original could be found or procured."

This, we think, is far from meeting the requirements of the law. The affidavit discloses a knowledge by the affiant of the residence of Conant the grantee. His deposition should have been taken to prove the existence of the original, and that it was lost or so mislaid that it could not be found after diligent search, and that he had, in good faith, made such search with a view of finding it.

There is much danger in allowing the introduction of copies of deeds conveying valuable lands, without fully establishing the fact of the existence at some time of an original, and of its subsequent loss or destruction, so that after diligent search it could not be found. How easy is it to get a forged deed upon the record, and then in the absence of evidence of the existence, at any time, of an authentic original, with a general allegation of its loss, show the record and recover the property. Justice and the safety of the people require a rigid rule to be applied and enforced in such cases. We think the court should not have admitted the copy under this affidavit, and for that reason reverse the judgment and remand the cause.

*Judgment reversed.*