## DAVID B. FISK

### *v.*

## PATRICK KISSANE.

EVIDENCE — *certified copy of a deed — of the proper foundation for the same.* A plaintiff in ejectment, for the purpose of laying the foundation for the introduction of a certified copy of a deed from the record, to one of the

former owners of the land, stated on oath that he had not then, and never had, the original of the deed referred to, and recorded in a certain specified book in the recorder's office, and that he did not know where the same then was. This was held sufficient, under the act of 1861, as a foundation for reading in evidence the copy from the record.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of ejectment brought in the court below by David B. Fisk against Patrick Kissane, to recover the east half of lot eight in block thirty-five, in Johnson, Roberts and Storr's addition to Chicago.

Plaintiff, on the trial, for the purpose of introducing in evidence the record of a deed from the defendant, Patrick Kissane, to Robert Rae, as recorded in the recorder's office of Cook county, in book 201 of deeds, at page 29, testified as follows: "I am the plaintiff in this cause. [Here was handed to witness the record book of deeds above referred to.] I have not, and never had in my power, or under my control, the original of the deed from Patrick Kissane to Robert Rae, recorded on page 9 of said book of deeds, number 201, from the recorder's office of Cook county, nor do I know where the same now is."

Plaintiff then offered to read in evidence the record of said deed from page 29 of said book 201, the same being a deed from the defendant to Robert Rae, of the premises in question, and bearing date May 25, 1860, duly acknowledged the same day and filed for record in the recorder's office of Cook county, on the 30th of June, 1860. The plaintiff also offered to prove that Robert Malcom, the person who took said acknowledgment, was a justice of the peace of Cook county at the time the same was taken.

The court refused to receive said evidence, on the ground that further proof should be made of the existence of said original deed and of its execution, to which ruling plaintiff by his counsel duly excepted.

The trial resulted in a finding and judgment for the defendant.

The plaintiff brings the cause to this court by appeal, and insists the court erred in ruling that he had not laid a sufficient foundation for the introduction of a certified copy of the deed to Rae, from the record.

Messrs. MILLER, VAN ARMAN & LEWIS, for the appellant.

Mr. ARTHUR W. WINDETT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by this record is as to the sufficiency of the affidavit as a foundation for reading in evidence the copy of a deed from the record. In the case of *Dickinson* v. *Breden*, 25 Ill. 186, it was held necessary to establish the fact of the existence, at some time, of an original before introducing a copy. Subsequently to that decision the law of 1861 was passed, the object of which was to relax the rule laid down by the court. It is in the power of the legislature to say upon what terms secondary evidence shall be admitted, and the affidavit in the present case is in compliance with the act of 1861. The copy from the records should have been admitted, subject of course to attack by the adverse party.

The judgment is reversed and the cause remanded.

*Judgment reversed.*