CHRIST VOURNAZOS, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed April 23, 1914.*

1. TAX DEEDS—*what is sufficient proof of title as against invalid tax deed.* As against an invalid tax deed, proof of possession of the premises by the complainant, together with deeds purporting to convey title, is sufficient evidence of title.

2. EVIDENCE—*statute authorizing secondary proof of deed can not be disregarded.* The provisions of section 36 of the Conveyances act prescribing the conditions upon which a copy of a deed, certified by the recorder, may be read in evidence, are founded upon substantial reasons and cannot be disregarded by the courts.

3. SAME—*what is not sufficient preliminary proof.* Testimony by the complainant in a bill to set aside a tax deed as a cloud that he does not know what has become of one of the deeds to his lots; that he had lost it, and that he looked for it in the trunk where

he had the two deeds and found only one, is not sufficient preliminary proof to authorize the admission in evidence of a certified copy of the deed claimed to be lost.

4. SAME—*when taxing of costs of suit to defendant is not error.* While a tender to the holder of a tax deed of the amount due, coupled with a demand for the execution of a quit-claim deed, is not sufficient to fix a liability for costs of the subsequent suit to set aside the tax deed as a cloud, yet if the complainant's solicitor testifies that the tender, though made in that form in a letter, was also made by him personally, regardless of the execution of a deed or any other condition, and his testimony is not denied by the defendant, it is not error to charge the defendant with the costs of the suit.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

BEAUREGARD F. MOSELEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal by Jacob Glos and Emma J. Glos from a decree of the circuit court of Cook county setting aside a tax deed made to Jacob Glos and taxing the costs of the suit against him, in pursuance of the prayer of a bill filed by Christ Vournazos. The bill alleged that the complainant was the owner of lots 33, 35 and 36 in block 2 of a certain subdivision in Chicago, and known as No. 4629 South California avenue; that he had been in possession of the premises since about October 25, 1907; that the premises were sold for taxes and a deed was made to Jacob Glos, which was void because a notice was not given to the parties in possession, as required by the statute, and that the total amount to which Jacob Glos was entitled had been tendered to him. Answers and replications were filed and the cause was referred to a master in chancery, who took and reported the evidence, with his conclusions. The re-

port was confirmed by the chancellor on a hearing of exceptions and a decree was entered as recommended by the master.

To maintain his bill the complainant was required to prove the averments of possession and title. From the numbers of the lots they do not appear to be contiguous, and the dwelling house on the premises was located on one lot, only, but there was evidence, in general terms, of possession of all the premises by the complainant, through his tenant. There was proof of possession, which, coupled with deeds purporting to convey title, would have been sufficient evidence of title for the purpose of removing an invalid tax deed as a cloud. (*Glos.* v. *McKerlie,* 212 Ill. 632.) But there was no legal evidence of such a conveyance as to two of the lots. A deed from Frederick H. Bartlett and wife to the complainant, dated October 19, 1907, for lot 33, was produced by the complainant, and he testified as follows: "The time I got interested in that property I got some deeds. This paper is one of the papers I got at the time. I got two papers. I don't know what became of the other one. I lost it. I looked for it in the trunk where I had two of them and only found one." The original deed was then offered in evidence, and a copy of the record of a deed to lots 35 and 36, certified by the recorder, was also offered. The certified copy was objected to on the ground that no sufficient foundation had been laid for the introduction of secondary evidence. The copy was admitted, and the ruling of the master was sustained by the chancellor.

The General Assembly, by section 36 of the Conveyance act, has prescribed the conditions upon which a copy of a deed, certified by the recorder, may be read in evidence, and very substantial reasons for insisting upon a strict compliance with the law for the protection of the public and property owners were clearly stated in *Dickinson* v. *Breeden,* 25 Ill. 186. The disregard of the statute has made it necessary to reverse many judgments. (*Scott*

v. *Bassett,* 174 Ill. 390; *Glos* v. *Talcott,* 213 id. 81; *Cerny* v. *Glos,* 261 id. 331.) The statute has long been in force, but perhaps it will be worth while to insert a copy here, as follows:

"Sec. 36. Whenever upon the trial of any cause in law or equity in this State, any party to said cause, or his agent or attorney in his behalf, shall, orally in court, or by affidavit to be filed in said cause, testify and state under oath that the original of any deed, conveyance or other writing, of or concerning lands, tenements and hereditaments, which shall have been or may hereafter be acknowledged or proved according to any of the laws of this State, and which, by virtue of any of the laws of this State, shall be required or be entitled to be recorded, is lost, or not in the power of the party wishing to use it on the trial of any such cause, and that to the best of his knowledge said original deed was not intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof in place of the original, the record of ·such deed, conveyance or other writing, or a transcript of the record thereof, certified by the recorder in whose office the same may have been or may hereafter be recorded, may be read in evidence in any court in this State, with like effect as though the original of such deed, conveyance or other writing was produced and read in evidence."

The evidence in this case did not meet the requirements of the statute, and in particular it lacked the statement that to the best of the knowledge of the witness the deed had not been intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof in place of the original. The specific objection that a proper foundation had not been laid was made when the copy was offered, and its admission cannot be justified.

The chancellor taxed the costs of the suit to Jacob Glos, manifestly from the fact found by the master that before the suit was commenced a tender of all that was due was

made and refused.. It is contended on behalf of Jacob Glos that the tender was conditioned upon his executing a quit-claim deed of the premises to the complainant, which he was not required by law to do, and also to have his wife join in the deed. The evidence was, that before filing the bill the complainant sent to Glos $93 in a registered letter as a tender, coupled with a demand that he should execute a quit-claim deed enclosed with the money and require his wife to join in it. Glos refused to receive the letter and it was afterwards taken to him by the complainant and his solicitor, when the letter containing the demand was read to Glos, and the deed was present, lying on the table. The solicitor, however, testified that he did not at that time require Glos to sign the deed; that the tender was not made that way, and that he offered Glos the $93 regardless of the execution of a deed or any other condition. Inasmuch as the letter sent by registered mail to Glos required the execution of a deed as a condition and the letter was read to Glos when the complainant and the solicitor called on him, it cannot be said that the question whether an unconditional tender was made is entirely free from doubt. The evidence that such a tender was made came from the solicitor for the complainant, but it was not denied by Glos, and we cannot say that in this state of the record the chancellor was wrong in his conclusion. The money was deposited with the clerk, and the amount was offered to the solicitor for Glos at the hearing before the master. Assuming the finding of the chancellor that a proper tender was made before the bill was filed to be correct, it was not error to tax the costs to Jacob Glos.

For the reason that the complainant did not prove title to lots 35 and 36 the decree is reversed and the cause remanded.

*Reversed and remanded.*