Nathan Judson, Appellee, *vs.* Edward Freutel *et al.*— (Jacob Glos *et al.* Appellants.)

*Opinion filed December 16, 1914.*

1. Pleading—*when bill to quiet title need not allege invalidity of tax deeds.* If the complainant alleges in his bill that he is the owner of the premises in fee under claim and color of title obtained in good faith and payment of taxes for seven successive years under section 7 of the Limitation act, it is not necessary to allege that the tax deeds sought to be set aside as clouds upon the title are invalid.

2. Evidence—*copy of a deed to be admissible must be certified by the recorder.* The copy of a deed which is authorized by section 36 of the Conveyances act to be admitted as secondary evidence upon making the required preliminary proof is a copy certified by the recorder and not one verified by some other person.

3. Same—*section 18 of Evidence act does not apply to copies of recorded deeds.* Section 18 of the Evidence act, providing that "any such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses," refers to the papers, entries and records mentioned in the preceding sections of the act and does not include copies of the record of deeds.

4. Costs—*what items should be re-paid to holder of a tax deed.* A decree quieting title and setting aside certain tax deeds and providing for reimbursement of the holders thereof should include, among the other items, the fees paid for recording the evidence of the sales and the issuance of the tax deeds, and also the fees for recording the deeds.

Vickers, J., dissenting.

Appeal from the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding.

John R. O'Connor, for appellants.

David G. Robertson, for appellee.

Mr. Justice Craig delivered the opinion of the court:

Appellee, Nathan Judson, (complainant in the court below,) filed his bill in chancery in the superior court of Cook county claiming to be the owner in fee simple and in possession of lots 25 and 26, in block 1, in Davis' subdivision in the city of Chicago, and seeking to quiet title to said lots 25 and 26 and the other real estate described in the bill of complaint. The complainant alleged in the bill that his title was acquired by a chain of conveyances set out in the bill, and alleged his ownership in the property in question by virtue of said conveyances constituting claim and color of title made in good faith and payment of all taxes on said premises for more than seven successive years, said premises being vacant and unoccupied during that time, and that since the last payment of taxes and before filing the bill of complaint complainant had taken possession of said premises, and was at the time of filing the said bill in the absolute, open and notorious possession thereof. The bill further alleged that Jacob Glos, Emma J. Glos, his wife, and August A. Timke, individually and as trustee, claimed to have some right, title or interest in said premises, but that at the time appellee took possession of the same his limitation title was perfected and all claims

of title or interest of said defendants were null and void and were clouds upon the title of complainant, and prayed that the same be decreed to be void and canceled and removed of record as clouds upon the title of complainant. The defendants Jacob Glos, Emma J. Glos and August A. Timke, trustee, filed their answers to the bill, and the complainant replied thereto. The other defendants were defaulted, and the cause was referred to a master in chancery to take the evidence and report the same, with his conclusions. Thereafter the evidence was heard by said master, and he reported finding that the complainant, Nathan Judson, was the owner in fee simple absolute of the premises, that he was entitled to the relief prayed in the bill, and recommending that a decree be entered in accordance with the prayer of the bill upon payment being made to the defendant Jacob Glos of $78.64, being the amount paid out by him as taxes and legal costs as the holder of certain tax deeds on the said lots 25 and 26 and his costs in the suit. Objections were filed to the master's report, which were overruled by the master and which were allowed to stand as exceptions before the court, and on a hearing by the court the same were overruled and a decree was entered in accordance with the prayer of the bill and the recommendations of the master, from which the defendants appealed.

Numerous errors have been assigned, but the only ones argued and relied upon are (1) that it is not alleged in the bill or shown by the proofs that there was any defect or invalidity in the tax deeds obtained by the defendants and that the case was a mere contest of the legal titles, of which equity has no jurisdiction; (2) that there was no competent evidence of the ownership of lots 25 and 26 claimed by the complainant; and (3) that the amount decreed to be paid the defendants as reimbursement for taxes, legal costs and penalties in procuring said tax deeds is insufficient.

As to the first assignment of error, the complainant alleged that he was the owner of said premises in fee under claim and color of title obtained in good faith and payment of taxes for seven successive years under section 7 of the Limitation act. He attempted to show this by evidence, and had the evidence introduced by him been proper and sufficient it would have sustained that claim. Under these circumstances it was not necessary to allege or prove that the tax deeds of the defendants were invalid. The tax deeds might have been valid, and yet if the complainant had in good faith, as he alleged, obtained a deed to said premises which would be color of title and under said deed had paid all taxes and assessments levied against said property for seven successive years, said property being vacant and unoccupied, then, under section 7 of the Limitation act, (Hurd's Stat. 1913, p. 1575,) said title would have been good according to the extent and purport of such paper title and could be asserted by him in a suit to quiet title under section 50 of the Chancery act. *Walker* v. *Converse,* 148 Ill. 622; *Harms* v. *Kransz,* 167 id. 421; *Simons* v. *Drake,* 179 id. 62; *Kuhn* v. *Glos,* 257 id. 289.

It appears from the evidence that the complainant based his title to lots 25 and 26 on a deed from Ellen Gallotti to W. S. Alexander, a deed from Alexander and wife to James B. Judson, and a deed from James B. Judson and wife to complainant, (the latter deed dated in 1902,) and payment of all taxes and assessments, as shown by the tax receipts from 1902 to 1913. The defendant Jacob Glos held tax deeds on said lots issued in 1895, 1896 and 1897.

As to the second assignment of error, on the hearing before the master the complainant offered, and the master admitted in evidence, a sworn copy of the record of a deed from Ellen Gallotti to W. S. Alexander, dated January 19, 1883; and also a sworn copy of the record of a deed from James B. Judson and Julia B. Judson, his wife, to the complainant, dated November 5, 1902. This last deed was the

only conveyance offered by complainant to show title in himself, and it was the claim and color of title upon which he based his ownership in said premises, in connection with seven years' payment of taxes. Objection was specifically made to this deed on the ground, among others, that no foundation had been laid for the introduction of secondary evidence of the contents of any deed such as was described and that the same was not competent secondary evidence. To lay the foundation for offering these copies the complainant made his affidavit that the original deed from Ellen Gallotti to W. S. Alexander, dated January 19, 1883, and duly filed for record in the recorder's office of Cook county on March 23, 1883, and recorded in book 1330 of records, at page 264, as document No. 455,480 of the records of said office, and the original deed from James B. Judson and Julia B. Judson, his wife, of Lansing, Michigan, to Nathan Judson, dated the fifth day of November, 1902, and filed for record in the recorder's office on December 12, 1902, and duly recorded in book 7975 of records, at page 622, as document No. 3,331,215 of the records of said office, and each and all of them, have been lost or destroyed and it is not within the power of affiant to produce the same; that said instruments, and each of them, have not been intentionally lost or destroyed or otherwise disposed of for the purpose of being permitted to offer in evidence duly certified or verified copies thereof, and this affidavit is made for the purpose of being permitted to offer in evidence duly verified copies of said instruments, as required by law, on behalf of the complainant in the above entitled cause.

Section 36 of chapter 30 of Hurd's Statutes provides a manner in which the record of a deed of conveyance or other writing concerning lands, etc., which may have been recorded, or a transcript of the record thereof certified by the recorder in whose office same may have been recorded, may be read in evidence when the original is lost or not

in the power of the party wishing to use it on the trial of a cause. Under this section the record of the deed, or a certified copy of such record certified by the recorder, is alone admissible. There is no provision of the statute authorizing the use of verified copies of a deed or record of a deed of conveyance of real estate. The affidavit, however, was sufficient to authorize the introduction of the record of said deeds or certified copies of record thereof made by the recorder. This, however, was not done. Instead, the complainant offered in evidence a copy of the record of a deed from Ellen Gallotti to W. S. Alexander, dated January 19, 1883, to said lots 25 and 26, together with the affidavit of Della F. Reefe that the same is a full, true and perfect copy of the instrument as the same appears of record in the office of the recorder of Cook county in book 1330 of records, at page 264, as document No. 455,480 of the records of said office. Complainant also offered in evidence a copy of the record of a deed from James B. Judson and Julia B. Judson, his wife, to the complainant, conveying all interest in all lots, lands and real estate now standing in their names or either of them, or to which they have any equitable claim, situated in the county of Cook and State of Illinois, together with the affidavit of Della F. Reefe that the same is a full, true and perfect copy of the instrument as the same appears of record in the office of the recorder of Cook county in book 7975, at page 622, as document 3,331,215 of the records of said office.

Appellee claims that it was proper to offer in evidence the sworn copies of the records of said deeds under section 18 of chapter 51 of Hurd's Statutes. Chapter 51 is the chapter on evidence, and provides by section 13 how court records, papers and entries may be proved. Section 14 provides the manner in which papers, entries, records and ordinances of a city or other municipality may be proved. Section 15 provides how the papers, entries and

records of any corporation may be proved, and section 16 refers to the form of the certificate in such cases. Section 17 provides the manner in which proceedings and judgments before justices of the peace may be proved by certified copy. Section 18, relied on by appellee, is as follows: "Any such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses."

Appellee cites the case of *Glos* v. *Holmes,* 228 Ill. 436, in support of his contention that sworn copies of the record of the deeds in question were properly offered in evidence. In that case it was held that it was proper to offer in evidence sworn copies of the original records and papers in the county clerk's office of Cook county in proceedings upon which the said tax deeds sought to be canceled were based. Such records, however, come clearly within section 18 of the Evidence act. It was held in *Chicago, Wilmington and Vermilion Coal Co.* v. *Moran,* 210 Ill. 9, that section 18 of the Evidence act relates only to papers, entries and records mentioned in the previous sections of the act which we have referred to.

There is no question that when the proper foundation is laid the record of a lost deed or other instrument in writing relating to lands, or a copy of the record certified to by the recorder thereof, may be offered in evidence, as provided by section 36 of the Conveyance act. This court has heretofore held that strict compliance with the provisions of said section 36 is necessary in order to introduce in evidence a certified copy of the record of a lost instrument, (*Vournazos* v. *Glos,* 263 Ill. 314, and cases therein cited,) and, as was stated in the opinion in that case, "the disregard of the statute has made it necessary to reverse many judgments." The defendants specifically objected to the introduction of the sworn copies of the record in evidence on the ground that they were not competent secondary evidence and filed objections and exceptions to the

master's report on the same ground, and have assigned as error the introduction of such evidence. It was improper to receive in evidence, over the objection of the defendants, the copy of the record of the deeds in question not properly certified to by the county recorder, and for such error it will be necessary to reverse the decree of the superior court.

The defendants claim that the decree should have directed reimbursement of the amounts paid by them for certificates of sale, recording evidence of sale, the issuance of the deeds and recording fees for recording the deeds, in addition to the amount found by the decree. Section 222 of chapter 120 of Hurd's Statutes of 1913 provides: "County clerks shall record as evidence upon which deeds are issued, the application, all affidavits and notices filed with the application, the certificate of sale, and all other documents and papers filed in compliance with law, and be entitled to the same fee therefor that may be allowed by law for recording deeds." Section 224 of chapter 120 provides, in part, "that any judgment or decree of court setting aside any tax deed procured under this act, shall provide that the claimant shall pay to the party, holding such tax deed, all taxes and legal costs, together with all penalties, as provided by law, as it shall appear the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed, before such claimant shall have the benefits of such judgment or decree." We think that the defendants were entitled, under the statute, to be reimbursed the amounts paid out by them, together with interest at the statutory rate, for the certificates of sale, recording evidence of the sale and the issuance of the tax deeds and recording the same, as claimed. Under section 225 of the Revenue law (Hurd's Stat. 1913, p. 2064,) the holder of a certificate of tax sale is required to take out a deed and record the same within one year from the time

redemption from the tax sale expires, or the certificate or deed and sale on which it is based becomes null.

For the errors indicated the decree of the superior court will be reversed and the cause remanded to that court for a new trial, in which appellee will have the opportunity to introduce proper evidence of the records of the deeds in question and the appellants be reimbursed for the amounts claimed.

*Reversed and remanded.*

Mr. JUSTICE VICKERS, dissenting.