---

(No. 15813.—Reversed and remanded.)
TONY STRAKIS, Appellee, *vs.* JULIA STRAKIS *et al.* Appellants.

*Opinion filed April 14, 1924.*

1. EVIDENCE—*witnesses must state that original deeds were not intentionally destroyed or concealed before secondary evidence is admissible.* Under section 36 of the Conveyances act the record of a deed may be read in evidence only when the party or his attorney shall state orally in court, or by affidavit, that the original deed is lost or cannot be produced and that it was not intentionally destroyed; and it is not sufficient merely to state that the deed is lost and cannot be produced.

2. TAX DEEDS—*when complainant must show title in ward before tax deed will be removed as a cloud.* Where a complainant guardian alleges title in his ward and asks the court to set aside a tax deed as a cloud on her title, and the ward's ownership is denied by the answers, the title is in issue and must be proved by the complainant as alleged before the tax deed can be canceled.

APPEAL from the County Court of Franklin county; the Hon. S. M. WARD, Judge, presiding.

WILLIAM H. HART, WILLIAM W. HART, and MARION M. HART, for appellants.

LAYMAN & JOHNSON, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from an order of the county court of Franklin county, entered pursuant to the provisions of section 28 of the act in regard to guardians and wards, directing the sale of a lot in the village of Royalton and the cancellation of a certain tax deed and two quit-claim deeds which stand as clouds on the title to said lot.

The lot in question is inclosed by a poultry-netting fence and is used by appellants as a poultry yard. Appellants claim title to the lot by *mesne* conveyances from Simeon Moore, who purchased the property at a tax sale in August, 1917, for $3.45, the taxes then due. Appellee claims the tax deed issued to Moore August 14, 1919, is void, and that Julia Strakis, a minor child, is the owner of the lot by virtue of a warranty deed executed by her grandfather, John Strakis, January 10, 1913. Appellee offered in evidence the record of a series of deeds for the purpose of showing title in Julia. The only foundation laid for the admission of this secondary evidence was the mere statement that the deeds were lost and that appellee was unable to produce them. Section 36 of the act concerning conveyances provides that the record of a deed may be read in evidence when a party to the cause, or his attorney, shall state orally in court, or by affidavit filed in the cause, that the original deed is lost or cannot be produced, and that to the best of his knowledge the original deed was not intentionally destroyed or lost for the purpose of introducing a copy in its place. Appellee's witnesses omitted entirely to state that the original deeds were not intentionally destroyed or concealed for the purpose of introducing copies of them. Objection was made on the trial to the reading of the record of these deeds on the ground that proper

foundation had not been laid for the introduction of secondary evidence, and that objection is urged in this court in appellants' brief. The objection to the evidence should have been sustained. *Judson* v. *Freutel,* 266 Ill. 24; *Cerny* v. *Glos,* 261 id. 331; *Bauer* v. *Glos,* 244 id. 627; *Scott* v. *Bassett,* 194 id. 602.

There is no competent evidence in the record showing title to this property in Julia Strakis. This being so, it is impossible to affirm the order in this case. Appellee having alleged title to the lot in his ward asked the court to set aside the tax deed as a cloud on her title, and, the ward's ownership being denied by the answers, appellee was required to prove she was the owner of the lot. Unless a party shows title to the land, where the title is in issue, he cannot complain that there is a cloud upon the title.

The order of the county court is reversed and the cause is remanded for a new hearing.   *Reversed and remanded.*