THE DOMESTIC BUILDING ASS'N *v.* PASQUALE GUADIANO,

and

SOPHIA MANZO *v.* PASQUALE GUADIANO.

*Opinion filed February 21, 1902.*

1. LOAN ASSOCIATIONS—*powers of officers of association are the same as those of other corporations.* The powers of officers of a building and loan association are the same as those of similar officers of other corporations, and the president and secretary have power to bind the association by executing an agreement of sale.

2. SAME—*purchaser is justified in dealing with officers of loan association.* In the absence of notice of any limitation upon the powers of the president and secretary of a loan association, a proposed purchaser of real estate from the association is justified in dealing with the president and secretary, and if they assume to act for the association within the apparent scope of their authority their acts are binding upon the association.

3. SAME—*duty of directors desiring to repudiate action of president and secretary.* If the directors of a loan association desire to repudiate an agreement of sale made by the president and secretary, it is their duty, upon learning the terms of the agreement, to immediately notify the proposed purchaser of the want of authority to execute the agreement, and to repudiate the agreement and cause the cash deposit made by the proposed purchaser to be returned.

4. CONTRACTS—*provision for written notice of acceptance of abstract of title may be waived.* A provision in a contract of sale whereby the proposed purchaser agrees to give written notice of his acceptance of the abstract of title is waived, where the proposed vendor accepts verbal notice of acceptance without objection and bases his subsequent refusal to perform upon other grounds.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

EDWARD T. NOONAN, for appellant the Domestic Building Association.

PERCIVAL STEELE, for appellant Sophia Manzo.

E. FERRIO, and WALRATH & WOOLFOLK, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in equity filed in the superior court of Cook county by the appellee, against the appellant the Domestic Building Association, to enforce the specific performance of a contract in writing bearing date April 17, 1900, for the sale by said appellant to appellee of lots 3 and 4 in the subdivision of lots 2 to 11 inclusive, and 15, 16 and 18 to 21 inclusive, in block 11, in school section addition to Chicago, situated in the west half of the south-west quarter of section 16, township 39, north, range 14, east of the third principal meridian, Cook county, Illinois, for the consideration of $5500, of which $3000 was to be paid in cash and $2500 on time, the deferred payment to be secured by mortgage upon the real estate; also to cancel and remove as a cloud upon appellee's title to the premises a warranty deed executed and delivered by the appellant the Domestic Building Association to the appellant Sophia Manzo, bearing date May 21, 1900, and purporting to convey to Sophia Manzo the premises, and which deed was on said day recorded in the recorder's office of Cook county. After the bill had been amended the appellants filed separate answers thereto, and the appellee replications. The case was referred to one of the masters in chancery of the court to take the evidence and report his conclusions as to the law and the facts, and the master having filed a report, and objections and exceptions having been filed thereto,

the court entered a decree granting the relief prayed, and the appellants have prosecuted several appeals to this court, which have been considered together and are disposed of by this opinion.

It appears from the pleadings, proofs, master's report and decree, that the appellant the Domestic Building Association, being the owner of the premises, some time prior to January 1, 1900, placed the same in the hands of one W. J. Murphy, a real estate agent in the city of Chicago, for sale; that in the spring of 1900 Murphy procured an offer of $5500 from the appellee for the premises, which offer he submitted to the appellant the Domestic Building Association; that on April 12, 1900, E. T. Noonan, secretary of the association, directed Murphy to get the purchaser under contract; that on April 17, 1900, a written agreement was entered into between the appellee and the association for the sale of the premises to the appellee for the consideration of $5500. The agreement was executed by the appellee and the Domestic Building Association, by W. S. Lerow and E. T. Noonan, its president and secretary, and provided that the sale should be consummated on May 10, 1900, and, together with a deposit of $400 made by the appellee, was placed *in escrow* with the Title Guarantee and Trust Company. The abstract of title to the premises was brought down by the association and delivered to the attorney of appellee, who, after having examined the same, returned it to the assistant secretary of the association with the statement that the title was satisfactory. The assistant secretary accepted the abstract without objection, and at that time, and subsequently thereto, when the appellee's attorney called upon her with the view to make an appointment for the purpose of closing the sale, informed him that Mr. Noonan, the secretary of the company, was out of the city and that the sale could not be closed until his return, which would not be until about the middle of May; that after the return of Mr. Noonan,

and on May 15, the appellee, in company with his attorney and Murphy, called upon Noonan with the funds necessary to complete the cash payment, and desired to close the sale and secure a deed to the premises. At that time Noonan stated to appellee that he had just returned to the city; that his work was behind, and asked that the matter be delayed a day or two to accommodate him, but did not intimate to the appellee that there was any question but that the sale would be consummated by the association. Appellee went away, and on the 21st day of May was notified by the secretary of the association, through his attorney, that the board of directors of the association would not approve the sale and that it could not be consummated. During the time intervening between the execution of the agreement and the refusal of the association to consummate the sale, the appellee had caused the abstract of title to the premises furnished him by the association to be examined by his attorney at an expense of $25, and had made a loan of $1000, at seven per cent, to enable him to comply with the terms of the agreement. It subsequently developed that on the 15th day of May,—the day upon which the appellee and his attorney and Murphy called at the office of the association with a view to close the sale,—the board of directors of the association held a meeting and took action refusing to consummate the sale of the premises to appellee and accepted an offer of $6000 therefor from Sophia Manzo, and subsequently, on the 21st day of May, executed and delivered to her a warranty deed for the premises, which she caused to be recorded on that day. The appellee and the appellant Sophia Manzo both resided in the immediate vicinity of the real estate, the dwelling house of Sophia Manzo being situated upon the lot adjoining the premises. Mrs. Manzo had for several months prior to the sale to appellee been a prospective purchaser of the premises, and through Mr. Murphy had submitted to the association an offer therefor of $5200.

A few days after the agreement of sale to appellee had been executed, and before the time Mrs. Manzo claims to have purchased the premises, she called upon Murphy and stated she had heard appellee had purchased the premises, and inquired of him how much of a deposit he had made thereon.   She and her son-in-law, who acted as her agent in the purchase of the premises, stated, in substance, to various persons residing in the vicinity of the property, that the appellee had purchased the property, but that she (Mrs. Manzo) did not want the light and air shut out of her house, and by paying $500 more than appellee had agreed to pay she had purchased the premises direct from the owner.

From an examination of this record we entertain no doubt that the trial court properly found that the Domestic Building Association, by its president and secretary, executed the agreement of sale sought to be enforced herein; that the appellee was ready, able and willing to perform the agreement on his part, and that Sophia Manzo had notice that appellee had purchased the premises prior to and at the time she claims to have purchased the same, and we are strongly impressed with the view that the Domestic Building Association sought to repudiate its agreement with the appellee and refused to consummate the sale to him of the premises for no other reason than that it was offered $500 more for the premises by the appellant Sophia Manzo than it was to receive from appellee therefor under said agreement of sale.

The powers of officers of a building and loan association are the same as those of similar officers in ordinary corporations, and the president and secretary of the Domestic Building Association had power to bind the association by the execution of the agreement of sale.   The notice claimed to have been given to Murphy by the association, through some of its officers, that its president and secretary were acting as a committee of the association, and not in their official capacity, when dealing with

this property, was not binding upon appellee. Notice to Murphy was not notice to appellee, as he was not the agent of appellee but the agent of the association, and Murphy never communicated such information to appellee. Neither were the by-laws of the association notice to the appellee of want of authority in the president and secretary to bind the association, as such by-laws contained no limitation upon their authority as president and secretary. The appellee was therefore justified in dealing with the association through its duly elected officers, and they having assumed to act for the association within the apparent scope of their authority, their acts were the acts of the association, and binding upon it.

The claim that the secretary stated to the appellee at the time the agreement was executed and placed *in escrow*, that the sale would have to be approved by the board of directors before it would be binding upon the association, is not borne out by the record. Three credible witnesses who were present at that time concur in testifying that no such statement was made by the secretary, and the testimony of the secretary that he made such statement is uncorroborated. If the officers and board of directors of the association did not recognize the authority of the president and secretary to bind the association by such agreement, it was their duty, if they desired to repudiate such agreement, to notify the appellee, immediately upon receiving notice of the terms thereof, that the agreement was executed by the president and secretary of the association without authority, and to repudiate the same, and to return, or cause to be returned to him, the cash deposit which he had made at the time of the execution of the agreement, otherwise its execution would be deemed to have been ratified.

That the appellee was willing, able and ready to perform the agreement on his part is not denied. It is said, however, that the agreement provided that the appellee should notify the association in writing, after an exam-

ination of the abstract of title submitted to him, if the title was found to be satisfactory, and that no such written notice was given to the association. The abstract was examined by the attorney of appellee and returned to the assistant secretary of the association with the statement that the title was satisfactory, which abstract and verbal notice were accepted and received by the assistant secretary without objection, and the association, at the time it repudiated the agreement, based its refusal to perform, not on the ground of the want of such written notice, but upon the ground that the president and secretary had no authority to make the agreement, and that the board of directors refused to approve the sale and make a deed. By accepting without objection the return of the abstract, with verbal notice that the title was satisfactory, and by basing the refusal to perform upon a ground other than that no written notice had been given the association that the title was satisfactory, the association waived such written notice, and cannot now refuse to perform the agreement by reason of the failure of the appellee to give to it written notice that the title had been examined and found satisfactory.

The question whether the appellant Sophia Manzo had notice of the sale to appellee prior to the time of her purchase is mainly a question of fact. While the evidence is somewhat conflicting upon that proposition, the testimony, taken in connection with the surrounding circumstances, preponderates strongly in favor of appellee and fully sustains his contention that she had notice.

Finding no error in this record the decree of the superior court of Cook county will be affirmed.

*Decree affirmed.*