CARL A. BJORK, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed December 17, 1912.*

1. REGISTRATION OF TITLE—*when specific objection to admission of abstracts of title cannot be urged.* Where the defendant to an application to register title does not object to the admission in evidence of an abstract of title or to the preliminary proof but asks and obtains permission to file objections later, he is not entitled, after the applicant's testimony is closed, to urge before the examiner specific objections, in writing, which should have been made orally at the time the evidence was offered.

2. SAME—*exceptions to examiner's report must be as specific as exceptions to report of master in chancery.* Exceptions to the report of an examiner of titles must not be so general as to require a search through the evidence to ascertain whether they are well taken, but must point out the evidence objected to and the reasons for the objections.

3. CONSTITUTIONAL LAW—*section 18 of Torrens law is not unconstitutional.* Section 18 of the Torrens law, concerning the admission in evidence of abstracts of title or certified copies thereof, is not unconstitutional. (*Brooke* v. *Glos,* 243 Ill. 392, *Waugh* v. *Glos,* 246 id. 604, and *Tower* v. *Glos, ante,* p. 121, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

O. C. PETERSON, (EINAR C. HOWARD, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a proceeding instituted by appellee in the circuit court of Cook county under the Land Registration act by filing an application to register title to a certain lot described which appellee claimed to own. Jacob Glos, among others, was made defendant to the application, because it was alleged he had a tax deed on the premises. Glos answered the petition, denying that appellee was the owner of the title and denying that his tax title was invalid. The application was referred to one of the examiners of titles, who heard the evidence and reported to the court that the applicant was the owner of the premises, and a decree was entered upon said report ordering the registration of the title and setting aside the tax deed. From that decree Jacob Glos prosecutes this appeal.

No complaint is made because of the finding that the tax title of the appellant was invalid, and no complaint is made by him on account of the amount found due and ordered to be paid to reimburse him for his purchase at the tax sale, subsequent taxes paid by him on the premises and interest on said amounts. The objection made to the decree and discussed in appellant's brief is, that appellee did not establish his title by the degree of proof required in such cases. This objection is based upon the claim that the evidence offered to prove appellee's title was incompetent and should not have been received.

Appellee offered in evidence certain abstracts and copies of abstracts in support of his claim of title. Appellant contends that there was no preliminary proof made that rendered them admissible under section 18 of the Land Registration act, which provides that the examiner may receive in evidence any abstract of title, or certified copy

thereof, made in the ordinary course of business by makers of abstracts. Exhibit 1 offered in evidence by appellee was a printed copy of an abstract. James P. O'Connor testified it was made from the letter-press copy of an original abstract but had not been compared with the original by him nor had the letter-press copy been compared with the original. It bore the signature of Handy & Co., abstract makers, which signature was written by the witness, and it was made in the regular course of business. Exhibit 2 was an abstract bearing the signature, "Title Guarantee and Trust Company, by Handy & Co., managers of abstract department." The proof showed this signature was in the handwriting of Henry H. Handy. The witness O'Connor stated he was well satisfied it was made in the ordinary course of business but that he did not personally know about how it was made. Exhibit 3 was an abstract bearing the signature of the Security Title and Trust Company. John L. Day testified he was an abstract maker and had been for forty years; that the Security Title and Trust Company was a maker of abstracts for hire in Cook county, and the signature of said company to the abstract was written by George E. Rickcords, its vice-president and manager. The witness stated it was his firm opinion that the abstract was made in the regular course of business. This opinion was based upon the witness' comparison of it with records and memoranda in the office of the Security Title and Trust Company, where he was employed, and his familiarity with the methods of making abstracts.

The objection now made to Exhibit 1 is, that it was not shown to be a copy of an original abstract which was made in the ordinary course of business by makers of abstracts. The objections to Exhibits 2 and 3 are, that they were not proven to have been made in the ordinary course of business by makers of abstracts. If it be conceded that these objections, if made at the proper time, would have been valid, we do not think the question was saved by

256 — 29

proper objections at the proper time. When Exhibits 1
and 2 were offered in evidence by appellee after the pre-
liminary proof was made, no objection was then made to
their being received, nor were any reasons given why the
preliminary proof was not sufficient to entitle them to be
received in evidence. Counsel for appellant merely asked
permission to file his objections, in order, as he stated, to
save time, and the examiner consented that he might do
so. This occurred June 28. On the 20th of September
following, and, as we understand the record, after the ap-
pellee's testimony was closed, appellant filed with the ex-
aminer seventy-one written objections, and some of these
were divided into several subdivisions. The only objec-
tions which point out any reasons why the abstracts should
not have been received in evidence are Nos. 38 and 51,
which are substantially alike. Practically all of the other
objections questioned the validity of section 18 of the act,
concerning the registration of titles. This objection has
been heretofore decided adversely to appellant's contention.
(*Brooke* v. *Glos,* 243 Ill. 392; *Waugh* v. *Glos,* 246 id.
604; *Tower* v. *Glos, ante,* p. 121.) Objection 38 is as
follows: "Because it does not appear by any competent
evidence that said alleged abstracts of title are abstracts of
title, or are duly certified copies of abstracts of title, with-
in the meaning of said act, or that they were made in the
ordinary course of business by abstract makers." Appel-
lant should have objected to the introduction of the ex-
hibits when they were offered and have made known the
reasons for his objections. It is a familiar rule that where
objections to the introduction of testimony are of a char-
acter that, if pointed out at the time, they can be obviated,
it is the duty of the party objecting to state the grounds
of the objection, and if he does not do so he cannot raise
the objections for the first time in a court of review. The
same principle, we think, should be applied to the objec-
tions made by appellant before the examiner after appel-

lee's testimony was closed. ,When the abstracts were offered appellant could have stated in a fraction of a minute, and in a very few words, his objections that sufficient preliminary proof had not been made to authorize their admission in evidence. It was not a saving of time to place such objections in writing, for he could have stated them orally in much less time than he could write them. The examiner would naturally suppose, by asking time to file his objections, that the questions the appellant desired to raise by them were of a character that would require time for preparation and would not suspect that any of them were of the character now insisted upon. We cannot approve the practice of encumbering a record with the multitude of objections filed in this cause. All the questions raised by them, if they had not previously been passed upon, could have been stated in a few words, orally. If it be said the examiner might, upon sustaining the objections, have reopened the case and given appellee an opportunity to introduce further proof, we do not think such practice should be adopted because the necessity for it is occasioned by the failure of an objecting party to make his objections and state his reasons at the proper time.

There is another, and in our opinion in itself a sufficient, reason why the appellant should not now be heard to complain that the preliminary proof offered was not sufficient to authorize the admission of the exhibits in evidence. Appellant filed twenty-six written objections to the examiner's report. These objections stood as his exceptions to the examiner's report on the hearing. The fifteenth was, "because the examiner received in evidence the document described in his report as applicant's Exhibit 1." The sixteenth, seventeenth and eighteenth were the same, except they, respectively, referred to Exhibits 2, 3 and 4. It will be seen no reason was pointed out why the exhibits should not have been admitted in evidence by the examiner. They were documents of the character made admis-

sible by the statute upon making certain oral proof. The court was not advised by the exceptions that it was appellant's contention this proof had not been made and that his objection was based upon that ground. Appellant contended before the examiner that section 18 of the Registration act was invalid, and most of the objections filed before the examiner related to that question, and the court would not know from the exceptions filed but that this was the basis of the objection to the exhibits as evidence. The court was entitled to know the reasons for objecting to the exhibits and was not obliged to search through the record and report for them. It was the duty of the appellant to specifically point them out. The practice should be the same as in case of exceptions to a report of a master in chancery. In such cases it has always been the practice that the exceptions must not be of such general character as to require a search through the evidence to ascertain whether they are well taken, but must point out the evidence objected to and the reasons for the objections. *Snell* v. *DeLand,* 138 Ill. 55.

We are of opinion that under the state of this record appellant should not now be heard to complain of the admission in evidence of Exhibits 1 and 2. He did not object to the introduction of Exhibit 3 when it was offered nor ask leave to file objections to it later. With that exception the record as to Exhibit 3 is in the same condition as it is with reference to Exhibits 1 and 2. Exhibit 4 is admitted to be unimportant, but if it were important the record is in no better condition as to it than it is as to Exhibits 1 and 2.

The decree is affirmed.                   *Decree affirmed.*