JOHN A. CARLSON, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed December 17, 1912—Rehearing denied Feb. 5, 1913.*

1. REGISTRATION OF TITLE—*objection that sufficient preliminary proof has not been made should be made when evidence is offered.* An objection that sufficient preliminary proof has not been made to authorize the admission of abstracts of title in evidence under section 18 of the Torrens law should be made orally when they are offered, and it is not proper practice to merely object generally, and subsequently file written objections against their admission.

2. The decision in *Bjork* v. *Glos*, 256 Ill. 447, controls the determination of other questions raised in this case.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

ROBERT E. TURNEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an application made by John A. Carlson to have the title to certain described real estate registered, under the Torrens law, in himself in fee simple. The appli-

cation set forth that the property was vacant and not subject to a homestead or any other liens or encumbrances, but that Jacob Glos claimed an interest by reason of tax sales. Appellant answered claiming title under tax deeds, and the examiner of titles, to whom the matter was referred, found that said Carlson was the owner of the premises, and recommended that the tax deeds be set aside. The circuit court entered a decree confirming this finding, and from that decree this appeal was taken.

The chief contention of appellant is that certain abstracts of title admitted in evidence were not shown to have been made in the ordinary course of business or certified copies of abstracts so made. Considerable evidence was introduced on this subject by appellee. When the abstracts in question were offered in evidence before the examiner appellant objected to their introduction, but stated no reasons at that time why the proof offered was not sufficient, *prima facie,* to entitle them to be received. He merely asked permission to file objections later. The abstracts were admitted in evidence before the examiner. Some days later appellant filed seventy-one written objections (several of which were divided into sub-heads) to the admission of the abstracts. Under two of them, only, could the question that is here under consideration have been raised. These two were practically identical and very general in nature. Many of these objections questioning the constitutionality of the Torrens act have been overruled by this court in cases brought here by appellant. Why he should still encumber the record with numerous objections of this nature is not clear. Appellant should, at the time these abstracts were offered in evidence, have stated, briefly but specifically, his objections to their introduction. The practice followed in this case of filing numerous objections to the admission of evidence long after it has been admitted is certain to obscure the real issues and cannot assist

in reaching right conclusions on the merits of the cause. After the objections were overruled to the admission of these abstracts the examiner made his report finding against the appellant, who thereupon filed twenty-eight objections to the report, none of which pointed out specifically the objection here relied upon. These objections were overruled by the master, and on order of the circuit court were considered as exceptions to the report and later overruled. The seventy-one objections filed to the admission of these abstracts are identical in every way with seventy-one objections filed to the admission of certain abstracts in *Bjork* v. *Glos,* 256 Ill. 447. More than twenty of the objections filed to the report, which were made exceptions in the circuit court, are identical in every way with like exceptions filed in the case just referred to. On the question of the admission of these abstracts this record is identical with that case. The conclusions reached in that opinion must control here.

Appellant further objects that appellee did not show title in the property in question good as against the world. He makes this objection on the ground that the abstracts were not properly admitted in evidence. This objection is therefore without merit.

Appellant further contends that appellee did not, by his evidence, sufficiently identify the property by metes and bounds or by any legal description, and that there is no competent testimony showing that the premises in question were vacant and unoccupied. An examination of the record satisfies us that these contentions are also without merit.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*