OTTO C. WALTHER, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed October 27, 1915—Rehearing denied Dec. 16, 1915.*

1. REGISTRATION OF TITLE—*what not sufficient to overcome certificate to copy of abstract.* A certificate by the makers of an abstract of title that the copy certified to was made from the original abstract is not overcome by the statement of a witness, on cross-examination, that the abstract might have been certified to when the makers had before them only a copy and not the original abstract. (*Hammond* v. *Glos,* 250 Ill. 32, distinguished.)

2. SAME—*abstract of title made by the county recorder of Cook county is admissible under section 18 of Torrens law.* An abstract of title made by the county recorder of Cook county from records in his custody is admissible in evidence under section 18 of the Torrens law, where the proof shows the recorder was a maker of abstracts and that the abstract was made in the ordinary course of business, even though the proof does not show any authority by the county board to the recorder to make abstracts.

3. SAME—*an objection that examiner has not allowed sufficient amount for reimbursement should show items claimed.* An objection to the report of the examiner that he has not allowed a sufficient amount for reimbursement to the holders of tax deeds should show in what respects it is claimed the amount is insufficient, so that the examiner may have an opportunity to allow 'or disallow the items claimed to have been omitted.

4. SAME—*when failure to allow all that holder of tax deeds is entitled to will not reverse.* Failure of the examiner to allow all that the holder of a tax deed is entitled to by way of reimbursement is not ground for reversal, where the holder was a witness in his own behalf and testified at length to the items claimed by him, all of which were allowed by the examiner, and where the additional amount to which the holder is entitled is uncertain from the evidence but is not large.

5. SAME—*what does not render an abstract of title inadmissible.* The fact that no authority is shown in an abstract of title for the execution of two quit-claim deeds, one purporting to be executed by the liquidators of a homestead loan association and the other by the president and secretary of the association, does not render the abstract of title inadmissible, where it further appears that the quit-claim deeds were intended as releases of a certain trust deed to the association.

APPEAL from the Circuit Court of Cook county; the Hon. J. H. FORNOFF, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

JOHN C. FARWELL, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Otto Walther, appellee, filed his application under the act concerning land titles, known as the Torrens law, in the circuit court of Cook county, to register the fee simple title to lots 14, 15, 16, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43 in B. F. Jacobs' subdivision of block 31 of Stone & Whitney's subdivision in section 7, township 38, north, range 14, east of the third principal meridian, except the right of way of the Chicago and Great Western Railway Company, the right of way of the Grand Trunk Railway Company and a strip seventeen feet wide south of and adjoining the right of way of the Grand Trunk Junction Railway Company, in Cook county, Illinois. Jacob Glos, Emma J. Glos and August A. Timke, trustee under a deed of trust made by Jacob Glos, and the unknown owners of notes secured by the trust deed in favor

of August A. Timke, trustee, were made parties defendant,
as claiming interests through alleged tax deeds. The three
named defendants filed separate answers, denying that the
applicant was the owner of the premises and alleging that
Jacob Glos was the owner, and setting up the invalidity
and unconstitutionality of the act concerning land titles for
various reasons. The application was referred to an exam-
iner, who heard evidence and reported to the court, after
which a re-reference was made to another examiner, the
first examiner having died after filing his report. Addi-
tional evidence was taken by the last examiner, who made
a supplemental report. Objections were filed both to the
original and supplemental reports, which were overruled by
the respective examiners and ordered to stand as exceptions
before the court. The exceptions were overruled, the re-
ports were confirmed and a decree entered in accordance
with the examiners' reports, directing that the title to the
premises be registered in appellee and that certain tax deeds
be set aside as clouds on the title, and finding that reim-
bursement had been made to the holders of the tax titles
by depositing the amounts expended therefor, with interest.
Jacob Glos, Emma J. Glos and August A. Timke, trustee,
have prayed and perfected separate appeals from the decree.

The only errors argued and relied upon for a reversal
of the decree are: (1) The abstracts relied upon as evi-
dence of title were not proved in the manner required by
section 18 of the act concerning land titles; (2) the amounts
allowed and paid by way of reimbursement were not suffi-
cient to reimburse the holders of the tax titles the full
amount required by law; (3) the evidence as to the con-
dition of the property at the time of the filing of the ap-
plication was not sufficient to show that the premises were
vacant at that time.

As to the first objection, the abstract of title which it
is claimed was not properly proven was duly certified by
the makers thereof as being a copy of an original abstract

and was therefore a certified copy of an abstract of title, which, when issued in· the ordinary course of business by makers of abstracts, is made competent evidence by section 18 of the Torrens law. (Hurd's Stat. 1913, p. 540.) The certificate was made by Haddock, Vallette & Rickcords, and it was proven by a witness who duly qualified, that the signature to the certificate was the genuine signature of the firm and was in the handwriting of George E. Rickcords, the Rickcords of the firm, and that the abstract was made in the ordinary course of business by said firm, which at that time was engaged in the business of making abstracts for hire. It is true that the same witness testified, on cross-examination, that the abstract might have been certified to when the makers only had before them a copy which they had previously certified to, instead of the original, but such evidence is not sufficient to impeach the certificate of the makers that the copy was made from an original abstract. As far as we are informed from the record that is before us, the copy offered in evidence was a copy of the original as certified to by Haddock, Vallette & Rickcords, and the examiner was fully justified in so finding. This case is different from the case of *Hammond v. Glos,* 250 Ill. 32, relied upon by appellants, in which it was held that under section 18 of the Torrens law an uncertified copy of a certified copy of an abstract of title was not admissible in evidence.

It is also claimed that certain of the abstracts made by the recorder of deeds of Cook county were not admissible in evidence under section 18 above referred to, and that there was no evidence to show that Joseph F. Connery, recorder of deeds of Cook county, was a maker of abstracts of title or engaged in the business of making abstracts of title. Under the provisions of chapter 115 of Hurd's Statutes of 1913 the county recorder in counties where a recorder is elected is to keep abstract books when required by the county board, and in such event is required to fur- ·

nish abstracts of title. Strictly speaking, the better practice would be to prove that the county board required the recorder to keep abstract books and make abstracts, when an abstract of title made by the recorder of deeds is offered in evidence in proceedings to register title under the Torrens law. Such proof would show that the recorder was a maker of abstracts. It is also true that abstracts of title issued in the ordinary course of business by makers of abstracts are admissible in evidence, under section 18 of the Torrens law, as *prima facie* evidence of title. The proof is that the abstract certified by Connery, who was the recorder of deeds, was made by a maker of abstracts engaged in that business, and it further appears from the evidence that the making of the abstract and other abstracts was part of the duties of his office and that one of the departments of his office was engaged in that business, and the abstract was made and issued in the ordinary course of business and that he was engaged in making abstracts for hire. The abstract was admissible in evidence under such proof, whether the maker was county recorder or not. Even if no authority had been given by the county board, we cannot say that the abstract was not made by a maker of abstracts within the meaning of the Torrens law.

It is also claimed that no authority is shown by any competent evidence for the execution of two deeds noted in the abstract of title furnished by the recorder of deeds. The first of these deeds purports to be from the liquidators of the Abraham Lincoln Building, Loan and Homestead Association, and the second deed is executed by the president and secretary of said association. Both of the deeds are to appellee as grantee. The preceding abstract of title shown in the record, of which the abstract containing the entries of the two deeds in question is a continuation, shows, among other entries, a trust deed from Benjamin F. Jacobs and Frances M. Jacobs to John C. Schumacker conveying some of the lots in controversy, and, as noted

in the abstract, said trust deed is "to secure his agreement bearing even date herewith, whereby he acknowledges that he has borrowed from the Abraham Lincoln Building, Loan and Homestead Association of Chicago, Illinois, $1200." The conveyances objected to, while in form quit-claim deeds, are evidently intended as releases of the trust deed noted in the prior abstract, and, in fact, it is so stated by counsel for appellants. Homestead and loan associations are organized for the purpose of loaning money to their members for building and improving homesteads, and such loans are usually secured by deeds of trust or mortgages on the homesteads so built or improved. When the loans are paid the borrowers have a right to demand and compel a release of recorded mortgages or deeds of trust. Section 5a of the Homestead and Loan Association act (Hurd's Stat. 1913, p. 588,) provides what officers such associations shall have, among others a president and secretary. In *Domestic Building Ass'n* v. *Guadiano,* 195 Ill. 222, it was held that the president and secretary of such an association have power to bind the association by executing a written agreement to sell all real property belonging to the association, and it was also held that in the absence of notice of any limitations upon the powers of the president and secretary of a loan association, a proposed purchaser of real estate from the association is justified in dealing with the president and secretary, and if they assume to act for the association within the apparent scope of their authority, their acts are binding upon the association. Besides, the statute provides that in all cases where building and loan associations have taken bonds and trust deeds made to third persons, conveying real estate as security, it shall be lawful for the president and secretary of such association, on being requested so to do by the board of directors of such association, to make releases in case of the absence of the trustee from the city, town or county where the real estate is situated or the refusal of the trus-

tee to act. (Hurd's Stat. 1913, chap. 32, par. 91s.) It is provided in the following section (91t) that all such releases shall be held and esteemed of the same value and significance as if they had been made and executed by the person named as trustee in said trust deeds.

The abstract showing the conveyances objected to was properly received in evidence and considered by the examiner of titles.

As to the second contention, the examiner found there was due defendants, Jacob Glos and Emma J. Glos, and that they were entitled to be reimbursed on account of their tax titles, the sum of $513.03, which the court decreed should be paid them, with interest, and which the decree found had been paid to the clerk for them. The interest of Emma J. Glos was a one-third interest in the lots sold for taxes, as grantee of Jacob Glos. It is assigned for error that the amount allowed is insufficient. We are of the opinion that this assignment of error is not well taken for two reasons. In the first place, the examiner who heard the evidence on this subject found from the evidence of Jacob Glos, and stated in his report in the form of an itemized account, each payment of taxes made by him, with the respective dates, so that interest could be computed, and also stated the various items of costs paid by him. There were forty-eight different objections filed to the examiner's report. One of these objections, the eleventh, was, "Because the amount found by the examiner to have been expended in and about procuring the said tax interests of this defendant is incorrect and insufficient and it does not include all the expenditures made in reference to said interests, as required by law." It would have been only fair to the examiner to state specifically in the objections which items of costs the examiner did not allow and should have allowed appellants, and then give the examiner a chance to allow or disallow those respective items, and subsequently give the court a chance to pass understandingly on those same items.

In the case of *Snell* v. *DeLand,* 138 Ill. 55, it was held that a party objecting to the allowance of any item of an account by the master should except specifically to the items complained of. An exception to the aggregate amount of the items contained in certain exhibits, and "to any part thereof," is too general, as it would require the court to re-state the account, the same as if no accounting had been had before the master. This authority is cited with approval in the case of *Bjork* v. *Glos,* 256 Ill. 447, in which we held that the practice in cases arising under the Land Titles act when exceptions are filed to the report of an examiner should be the same as in case of exceptions to a report of a master in chancery, and that exceptions to the report of an examiner of titles must not be so general as to require a search through the evidence to ascertain whether they are well taken but must point out the evidence objected to and the reasons for the objections. In the case of *Judson* v. *Freutel,* 266 Ill. 24, we held that the defendants to the petition should be reimbursed certain costs paid out by them in acquiring their tax titles; but that case was reversed on other grounds, and as it was remanded for a new trial the opinion pointed out the items of costs that the appellants were entitled to recover. The sufficiency of the exceptions was not considered. In the case of *Finn* v. *Glos,* 268 Ill. 350, the defendant, Jacob Glos, held tax deeds to three lots but was only reimbursed for two of them, and it was conceded that in calculating the amount to which he was entitled the examiner had entirely omitted the amount paid in acquiring the tax title to one of the lots. In the second place, Jacob Glos was a witness in his own behalf and had full opportunity to put in evidence each and every item for which he was entitled to be reimbursed under the tax deeds, according to law. Several pages of the record are devoted to his testimony on this point. It is conceded that the examiner allowed, without question, every item which Glos claimed in his testimony,

and evidently made an honest effort to allow him all that was his due.

Counsel for appellants seems to be of the opinion that it was the duty of the examiner to ascertain and give appellants credit for fees and costs in connection with the tax sales and recording certificates of sales and deeds, which fees are allowed by statute and which apparently were not testified to by Glos. While there is no question, under the revenue laws, that on the setting aside of these tax deeds Glos was entitled to be reimbursed such sums as he had necessarily paid out in acquiring the tax titles in question, and interest, these sums were to be ascertained like other facts in the case, and where the party who had paid these amounts and was seeking reimbursement had full opportunity to testify as to such amounts and did testify as a witness in his own behalf, and the examiner found, as he concedes, the full amount testified to by him, we do not think the judgment should be reversed solely for the reason that he has neglected or failed to put in the full amount, particularly where it is not large, as in this case, and where the amount to which he is entitled is uncertain from the evidence.

As to the last contention, it is claimed that it is not shown by the evidence that the premises in controversy were vacant and unoccupied at the time of filing the petition. That fact was established to the satisfaction of the court below by the testimony of witnesses who had seen the property once or twice a month for several months in each year during the past six years. There was no evidence to the contrary, and under the circumstances we are unable to say that the evidence was not sufficient to establish the fact sought to be proven.

Not deeming the errors assigned sufficient to reverse, the judgment and order of the circuit court will be affirmed.

*Judgment affirmed.*