LEON RZESUTKO *et al.* Appellees, *vs.* JAMES H. HOOPER, Appellant.

*Opinion filed October 28, 1926.*

1. REGISTRATION OF TITLE—*when want of date to certificate to a copy of abstract is not fatal.* Where the name of a firm attached to the certificate to the copy of an abstract of title is proved to have been written by one of the partners and it is proved that the firm was engaged in the business of making abstracts for hire subsequent to the date of the original abstract, it will be presumed, in the absence of evidence to the contrary, that the signature was attached to the certificate while the firm was engaged in doing business, although the certificate is not dated.

2. SAME—*signature to abstract in partnership name is sufficient under section 18 of Land Titles act.* A signature to an abstract of title in the name of a firm or partnership engaged in the business of making abstracts is sufficient, under section 18 of the Land Titles act, although no individual name is added.

3. SAME—*signature to abstract of Cook county recorder is sufficient if affixed by deputy.* An abstract of title prepared by the recorder of Cook county is sufficient, under the Land Titles act, where the signature of the recorder is appended by a deputy.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

JAMES H. HOOPER, *pro se.*

ELBRIDGE W. RICE, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The appellees, Leon Rzesutko and Maryanna Rzesutko, filed their amended application in the circuit court of Cook county to have their title in fee simple to lot 44 in block 2, in the subdivision of block 21, in Canal Trustees' subdivision of the east half of section 31, township 39 north, range 14 east of the third principal meridian, in Cook county, registered under the act concerning land titles. The appellant, James H. Hooper, was one of the defendants to the application under an allegation that he held a tax deed which was void. He filed an answer claiming an interest in the lot. The application was referred to an examiner of titles, who heard the evidence and reported that the appellees, as tenants in common, were the owners of the lot in fee simple and that appellant held a tax deed which was not shown to be valid. The examiner recommended that the title be registered upon the condition that appellees reimburse appellant for his expenditures, with interest. Appellant's objections to the examiner's report were overruled and ordered to stand as exceptions. The court overruled the exceptions and entered a decree in conformity with the report. From that decree appellant prosecutes this appeal.

The contentions by which the appellant seeks a reversal of the decree are: (1) That the appellees failed to prove possession of the whole lot; (2) that certain of the abstracts of title admitted in evidence were not properly qualified; and (3) that the evidence showed a break in the chain

of title, and that as the result the appellees never acquired title to the lot.

It appears from a plat admitted in evidence that the lot in question is rectangular in shape, with an east frontage of 25 feet on Marshfield avenue, a depth of approximately 125.55 feet west to a 16-foot alley, and that its north line is 224 feet south of and parallel to the south line of Thirty-fifth street, in the city of Chicago. A witness called by the appellees testified that he measured across Thirty-fifth street, which he found to be 66 feet wide, and thence from the southwest corner of that street and Marshfield avenue south, a total of 249 feet, to a fence; that he then measured back north 25 feet and found another fence; that between these two fences there was a frame house occupied by the appellees and John Tynski, their tenant; that he also measured the depth of the lot west from Marshfield avenue to the alley and found it to be 125½ feet, and that on the west end of the lot and adjoining the alley there was a shed. While the witness spoke of a building line no such line appears on the plat, and his testimony, taken all together, clearly shows that he intended to speak of the street or front line of the lot. The north and south boundaries of the lot were marked by fences and the east and west boundaries by Marshfield avenue and an alley, respectively. It does not appear that there were any encroachments on the lot by adjoining owners. The tenant was a defendant to the application and filed his written assent to the registration of the title. It follows that appellees sufficiently established their exclusive possession of the premises.

A certified copy made by Haddock, Vallette & Rickcords, successors to Haddock, Coxe & Co., of an abstract made by the latter company, dated March 10, 1880, was admitted in evidence. The date and name of the maker of the original abstract, both printed, were followed by a certificate that the copy was a true one, and the certificate was signed in the firm name but it was not dated. A witness who had

been an abstract maker since 1871 testified that Haddock, Vallette & Rickcords were in the business of making abstracts and copies for hire; that George E. Rickcords was one of the partners; that he was authorized and accustomed, in the regular course of business, to sign the firm name to abstracts of title; that he knew the signature appended to the certificate; that it was written by Rickcords; that the certificates to copies of abstracts were not dated, and that the firm of Haddock, Vallette & Rickcords, while it existed in 1886 and for some years prior thereto, later ceased to do business. Appellant objects that the signature might have been appended to the certificate after the dissolution of the partnership and for that reason the certified copy of the abstract should have been excluded. The signature to the certificate was proved to be in the handwriting of one of the partners, and it will not be presumed that he signed the firm name after the partnership had ceased to exist. In the absence of evidence to the contrary, the presumption is that the firm was in existence when the certificate was signed. *Loehde* v. *Glos,* 265 Ill. 401; *Teninga* v. *Glos,* 266 id. 94.

Appellant also complains of the admission in evidence of certain abstracts of title signed, respectively, Haddock, Vallette & Rickcords; Handy & Company, managers of abstract department of the Title Guarantee and Trust Company; Chicago Title and Trust Company, by Chas. R. Dalrymple, Ass't Sec'y; and Chicago Title and Trust Company, by Ralph Adams, Ass't M'n'g'r Abstract Dep't, because, it is said, they do not purport to be signed by an individual. The objection obviously has no application to the abstracts signed in behalf of the Chicago Title and Trust Company, and with respect to the first and second the objection is without force. Section 18 of the Land Titles act (Cahill's Stat. 1923, p. 836,) provides in part: "It shall be sufficient proof that any original abstract of title was made or issued in the ordinary course of business by makers of

abstracts, to show that the signature attached to the abstract is the genuine signature of the person, firm or corporation purporting to make or issue the same, appended either in person or by the hand of any person or official accustomed to attach such signature in the ordinary course of business." Hence a signature in the firm name, as well as an individual signature, is permitted.

Three abstracts of title made by Joseph F. Haas, the recorder of deeds of Cook county, were admitted in evidence, and appellant insists that they were incompetent because the recorder's signature was attached to them by one of his deputies. It appears from the evidence that at the several dates of these abstracts the recorder was in the business of making abstracts of title for hire; that the particular deputy was charged with the duty of signing the recorder's name to such abstracts; that he performed that duty in the ordinary course of business, and that the signature attached to the abstracts in question was the signature of the recorder appended by the hand of that deputy. The abstracts were admissible in evidence under the proof made. Land Titles act, sec. 18; *Walther* v. *Glos,* 270 Ill. 390.

Thomas M. Jordan acquired title to block 21 of the Canal Trustees' subdivision by deed from Alexander H. Gunn and wife, dated October 27, 1870, and recorded November 12, 1870. Subsequently, by deed dated October 1, 1872, and recorded on the same day, Jordan and his wife conveyed lots 43, 44, 45, 46 and 47, in block 1 of the subdivision of block 21 of the Canal Trustees' subdivision, to Philip Reidy. By a deed dated March 10, 1874, and recorded on March 28, 1874, Jordan and his wife conveyed lot 44 and other lots in block 2 in the same subdivision to Charles A. Day and Nelson A. Sanborn. Only lot 44 in block 2 is here involved, and appellees claim title to the lot through Day and Sanborn. Appellant contends that the chain of title to lot 44 in block 2 ended in Reidy; that Day and Sanborn never acquired title to that lot, and that in

consequence the appellees, who claim under Day and Sanborn, have no title. Why this contention should be made is not discernible. Lot 44 in block 1, and not in block 2, was conveyed to Reidy. He acquired no interest whatever in the lot the title to which appellees seek to have registered in this proceeding.

The decree of the circuit court is affirmed.

*Decree affirmed.*