Joseph Rosenfeld, Trading as Rosenfeld Machinery Company, Appellee, v. Inland Iron Works, Inc., Appellant.

Gen. No. 36,121.

Opinion filed July 13, 1932. Rehearing denied July 25, 1932.

John Taylor Booz, for appellant.

RUBENSTEIN & RUBENSTEIN, for appellee; WALTER MONARCH, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit to recover on two promissory notes signed by the defendant by W. W. Huggins, treasurer, and upon hearing by the court had judgment for $438.60, from which defendant appeals. The only defense presented is that the treasurer alone had no authority to execute the notes.

Two complete answers can be made to this contention. By the defendant's second amended affidavit of defense, a by-law of the defendant corporation was pleaded. This provides that the treasurer "either alone or jointly with the President or such other officer as may be designated by the Board of Directors shall sign all checks and other instruments drawn on or payable out of the funds of the corporation, and all bills, notes and other evidences of indebtedness of the corporation, not requiring the seal of the corporation." Defendant presents a resolution adopted by it, to the effect that notes should be executed in the name of the corporation by its treasurer and countersigned by its president or vice president. Where a by-law is inconsistent with a resolution of a board of directors the by-law must prevail. The by-laws of a corporation are, in effect, its constitution. A resolution is in the nature of a statute, designed to provide for a particular contingency, and cannot prevail against a by-law. 1 Fletcher Cyc. Law of Private Corporations, sec. 481, page 977. *Haller Sign Works v. Physical Culture Training School,* 249 Ill. 436.

The execution of the notes was ratified by the defendant corporation. Plaintiff testified that the notes were received from the defendant as part payment for merchandise sold it. A letter was written by R. H.

Thomas, president of the defendant company, to plaintiff, the burden of which is a request for time in which defendant might pay the notes. The letter contains such sentences as these: ''The pressing of the suit can only result in bankruptcy for the Inland Iron Works.'' It importuned the plaintiff to give six months or so, in which time ''it seems certain that your claim would be paid in full''; that if times were good, ''the officers of the Inland Iron Works might personally assist the Company by drawing some of their funds'' from another source.

Eight months had elapsed from the signing of the notes before the suit was commenced, yet at no time was there any act of disaffirmance or repudiation by the corporation of defendant's liability. If defendant did not recognize the authority of the treasurer to sign these notes it was its duty to notify plaintiff of this fact and to return to him the merchandise for which they were given in payment. 3 Fletcher Cyc. Law of Private Corporations, sec. 2087, page 3261. *Domestic Building Ass'n v. Guadiano,* 195 Ill. 222; *Darst v. Gale,* 83 Ill. 136. Under the circumstances presented by the record, the defendant must be held to have ratified the act of the treasurer in signing the corporation's name to the notes.

Defendant asserts that the judgment is too large by 26 cents. *Lex non curat de minimis.*

The judgment is affirmed.

*Affirmed.*

MATCHETT, J., concurs.

MR. JUSTICE O'CONNOR took no part in the consideration of this case.